**Christopher HOOVER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2847.**

Supreme Court of Alaska.

Sept. 9, 1977.

M. T. Thomas, Robertson, Monagle, Eastaugh & Bradley, Juneau, for appellant.

Monica Jenicek and Ivan Lawner, Asst. Dist. Attys., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

BURKE, Justice.

In this appeal Christopher Hoover seeks reversal of his conviction for assault with a dangerous weapon.[1] Additionally, he

---

1. AS 11.15.220 provided at that time:

   A person armed with a dangerous weapon, who assaults another with the weapon, is

punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in a jail for

claims that the five year sentence imposed by the superior court was excessive.

Hoover was arrested on September 4, 1975, for the seemingly unprovoked stabbing of one Louis C. Scott in Kodiak, Alaska, and charged with assault with a dangerous weapon. He was not represented by counsel at his arraignment on October 10, 1975, although he had been in contact with an attorney from the Public Defender Agency.[2] At that time, the superior court ordered that a plea of not guilty be entered on Hoover's behalf.

In December, 1975, Hoover was afforded a jury trial and found guilty as charged. A mistrial was subsequently declared when it was discovered that one of the alternate jurors had participated in the jury's deliberations. Hoover was represented by private counsel at the time of his trial.

On January 15, 1976, Hoover entered a plea of *nolo contendere*. His change of plea was made with the advice and assistance of his trial counsel and the record shows that the superior court fully complied with Rule 11, Alaska R. Crim.P., in determining that his plea was made knowingly and voluntarily. On February 11, 1976, Hoover was sentenced to five years of imprisonment. This appeal followed.

■ Hoover first contends that the absence of counsel at his arraignment on October 10, 1975, automatically requires reversal of the conviction subsequently obtained. This contention is without merit. By his later plea of *nolo contendere* Hoover waived all non-jurisdictional defects in the proceedings leading to his conviction. *Nickels v. State*, 545 P.2d 163, 164 (Alaska 1976); *McKinnon v. State*, 526 P.2d 18, 24 (Alaska 1974); *Cooksey v. State*, 524 P.2d 1251, 1255 (Alaska 1974). Thus, we need give no further consideration to this aspect of his appeal. The defect, if any, being non-jurisdictional, was waived.

Hoover's second contention, that his five year sentence was excessive, is likewise without merit.

■ This court will require modification of a criminal sentence only if it finds, after examination of the record, that the sentencing court was clearly mistaken in imposing the sanction it did. *Asitonia v. State*, 508 P.2d 1023, 1025 (Alaska 1973); *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

■ Hoover, in an unprovoked assault, stabbed a man in the abdomen whom he had just met. After the stabbing he did nothing to assist the victim, who fortunately was able to get himself to a hospital for treatment. According to the presentence report, Hoover had a prior juvenile adjudication of delinquency for assault with a dangerous weapon as well as an adult conviction for the same offense in February of 1973. Hoover has a lengthy record of other juvenile adjudications of delinquency for offenses including burglary, driving under the influence of drugs, joyriding, and a series of probation and parole violations, as well as an adult conviction for petty theft. Psychiatric reports indicate that he has a number of psychological problems aggravated by frequent alcohol abuse, and an inability to control violent impulses.

Our review of the record convinces us that, contrary to Hoover's assertions, the superior court employed a reasoned, individualized approach to sentencing. In arriving at its sentence, the court carefully considered Hoover's prior record and the other information contained in the presentence report, as well as a psychological evaluation performed by the Kodiak-Aleutian Mental Health Center. Examination of the record further indicates that the court gave due consideration to the proper goals of sentencing as set forth by this court in *Asitonia v. State, supra*, and *State v. Chaney, supra*. The court concluded that institutionalization was the only way that Hoover could be rehabilitated into a non-criminal member of society and that it was neces-

---

not more than one year nor less than one month, or by a fine of not more than $1,000 nor less than $100.

**2.** The reason for the absence of counsel was apparently a misunderstanding by the Public Defender Agency as to the date set for Hoover's arraignment.

sary that he be isolated from the community at large to prevent further criminal conduct.

Given the record in this case, we are unable to say that the superior court was clearly mistaken in imposing a five year sentence.

AFFIRMED.