PEOPLE v PEREZ

Docket No. 76140. Submitted May 9, 1985, at Grand Rapids.—Decided June 19, 1985.

Jesus Perez was convicted on his plea of attempted possession with intent to deliver less than 50 grams of heroin and of being a habitual offender in Kent Circuit Court, Roman J. Snow, J. Defendant appealed, arguing that his conviction should be reversed because the evidence against him was obtained in violation of his Fourth Amendment rights. *Held:*

Since defendant did not tender his plea on the condition that he could raise on appeal the search and seizure question, the right to raise that question on appeal was waived by defendant's act of pleading guilty.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — APPEAL — WAIVER.

A criminal defendant who pleads guilty waives the right to raise on appeal the question of the validity of the search and seizure which led to his prosecution except where the defendant can show that his prosecution could not have been maintained if the evidence secured during the challenged search were suppressed and where the defendant specifically tenders his plea on the condition that he will be able to pursue on appeal the question of the validity of the search and seizure.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Criminal Law § 469 *et seq.*

Plea of guilty as waiver of claim of unlawful search and seizure. 20 ALR3d 724.

Before: Shepherd, P.J., and R. M. Maher and W. R. Peterson,* JJ.

Per Curiam. Defendant was charged with possession with intent to deliver less than 50 grams of heroin, MCL 333.7401, subds (1) and (2)(a)(iv); MSA 14.15(7401), subds (1) and (2)(a)(iv); knowing possession of less than 50 grams of cocaine, MCL 333.7403, subds (1) and (2)(a)(iv); MSA 14.15(7403), subds (1) and (2)(a)(iv); and as a third felony offender, MCL 769.11; MSA 28.1083 and MCL 769.13; MSA 28.1085. Pursuant to a plea bargain, defendant pled guilty to a charge of attempt to possess with intent to deliver less than 50 grams of heroin, MCL 333.7401, subds (1) and (2)(a)(iv); MSA 14.15(7401), subds (1) and (2)(a)(iv); MCL 750.92; MSA 28.287, and to the third felony offender charge. He was subsequently sentenced to a prison term of 5 to 10 years, and now appeals as of right.

On appeal, defendant argues that his plea-based convictions should be reversed because the evidence against him (the heroin and cocaine found in his hotel rooms) was obtained in violation of his Fourth Amendment rights. Defendant contends that the affidavit upon which the search warrant for his hotel rooms was based did not provide probable cause for the issuance of the search warrant and that the police failed to follow the "knock and announce" rule, MCL 780.656; MSA 28.1259(6), before executing the warrant. We do not address these issues, however, because we find that, by pleading guilty, defendant waived his right to raise these issues on appeal.

In *People v Alvin Johnson*, 396 Mich 424, 443-444; 240 NW2d 729 (1976), the Supreme Court stated that jurisdictional claims and certain nonju-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

risdictional claims were not waived by a guilty plea:

"Thus, it is clear that the United States Supreme Court, while recognizing that certain rights of defendant may be waived by a subsequent plea of guilty, does not say that is true of all rights. Certainly it is true that those rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial may never be waived by guilty plea. These rights are similar to the jurisdictional defenses in that their effect is that there should have been no trial at all. The test, although grounded in the constitution, is therefore a practical one. Thus, the defense of double jeopardy, those grounded in the due process clause, those relating to insufficient evidence to bind over at preliminary examination and failure to suppress illegally-obtained evidence without which the people could not proceed are other examples. Wherever it is found that the result of the right asserted would be to prevent the trial from taking place, we follow the lead of the United States Supreme Court and hold a guilty plea does not waive that right." (Footnotes deleted.)

Defendant relies upon this statement as support for his right to raise his search and seizure issues on appeal. However, the statement in *Alvin Johnson, supra,* has since been modified by the Supreme Court in *People v Reid,* 420 Mich 326, 431-432; 362 NW2d 655 (1984). In *Reid,* the Supreme Court twice stated that a defendant would not waive his or her right to raise search and seizure claims where two conditions were met:

"We hold that a defendant may appeal from a denial of a Fourth Amendment or Const 1963, art 1, § 11 search and seizure claim where, as here, the defendant could not be prosecuted if his claim that a constitutional right against unreasonable search and seizure

was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea." See also 420 Mich 337.

In this case, although the first requirement may arguably have been met, defendant did not tender a conditional guilty plea. We find that he has, therefore, waived his right to appeal from the trial court's rulings on defendant's search and seizure claims.

Affirmed.