PEOPLE v NEW

PEOPLE v PEREZ

Docket Nos. 74938, 76730. Argued May 7, 1986 (Calendar Nos. 3, 4). Decided December 30, 1986.

Roy E. New pled nolo contendere in the Allegan Circuit Court, George R. Corsiglia, J., to a charge of second-degree murder pursuant to a plea bargain. The Court of Appeals, M. J. KELLY, P.J., and R. M. MAHER and REILLY, JJ., affirmed in an unpublished opinion per curiam, holding that the defendant's plea waived his right to challenge on appeal the trial court's denial of his pretrial motions to quash the information and to suppress the use of statements made to the police (Docket No. 69835). The defendant appeals.

Jesus Perez, pursuant to a plea bargain, pled guilty in the Kent Circuit Court, Roman J. Snow, J., of attempted possession with intent to deliver less than fifty grams of heroin and to being an habitual offender, third offense. The Court of Appeals, SHEPHERD, P.J., and R. M. MAHER and PETERSON, JJ., affirmed in an opinion per curiam, holding that the defendant by his plea waived his right to challenge on appeal the trial court's denial of his motion to suppress certain evidence (Docket No. 76140). The defendant appeals.

In an opinion by Justice CAVANAGH, joined by Chief Justice WILLIAMS and Justices BRICKLEY, BOYLE, RILEY, and ARCHER, the Supreme Court held:

By pleading guilty or nolo contendere, a criminal defendant waives the right to challenge on appeal a denial of a pretrial motion to suppress evidence or a motion to quash the information because of insufficient evidence. A criminal defendant may appeal from an unconditional guilty plea or a plea of nolo contendere only where the claim on appeal implicates the very authority of the state to bring a defendant to trial, that is,

REFERENCES

Am Jur 2d, Criminal Law § 492 et seq.

Review of discretion as to acceptance of plea of nolo contendere or non vult contendere. 89 ALR2d 566.

Nolo contendere or non vult contendere plea as affecting time for appeal. 89 ALR2d 599.

where the right of the government to prosecute a defendant is challenged. Where the claim sought to be appealed involves only the capacity of the state to prove a defendant's factual guilt, it is waived by such pleas.

1. Generally, a plea of guilty waives all nonjurisdictional defects in the proceedings. After pleading guilty, a defendant may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses, similar to jurisdictional defenses, reach beyond the factual determination of defendant's guilt, implicating the very authority of the state to bring a defendant to trial, and may never be waived. Where the defense or right asserted by a defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea.

2. A plea of nolo contendere has the same effect upon a defendant's ability to raise an issue on appeal as a plea of guilty. A plea of nolo contendere indicates that a defendant does not wish to contest his factual guilt; any claims or defenses which relate to the issue of factual guilt are waived by such a plea. A plea of nolo contendere is not materially distinct from a guilty plea and should not be considered a functional equivalent of a conditional guilty plea.

3. The defendant's claims in *New* that the trial court erred in failing to suppress his statements to the police and that his conviction ought to be reversed because insufficient evidence of the corpus delicti of the crime was presented at the preliminary examination, and the defendant's claim in *Perez* that the trial court erred in denying his motion to suppress evidence of narcotics, do not survive their pleas of guilty or nolo contendere because the defenses relate only to the state's ability to prove factual guilt and do not challenge the authority of the state to prosecute. The convictions rest not on allegedly illegally seized evidence or involuntary statements, but upon their admission in open court of the charged offenses.

Affirmed.

Justice LEVIN, dissenting, stated that a distinction between a claim of appeal from an unconditional guilty plea which implicates the authority of the state to bring the defendant to trial and a claim which involves the capacity of the state to prove the defendant's factual guilt is not sound. The state has no greater right to prosecute a defendant without sufficient valid evidence of guilt than to prosecute a defendant who has a valid double jeopardy or entrapment defense. In a case where the prosecution's ability to convict of the charged offense depends

on evidence sought to be suppressed, there is no substantial difference between a lack of sufficient valid evidence to convict and a valid double jeopardy or entrapment defense. In both cases, the authority of the state to bring the defendant to trial and the right of the government to prosecute the defendant is implicated.

Since *People v Reid,* 420 Mich 326 (1984), in which the Court held that a defendant could obtain appellate review, following a plea of guilty, of a decision denying a motion to suppress evidence, where the prosecutor and judge agreed at the time of the plea to a so-called conditional plea, appellate review, following a plea of guilty, of such a denial is not inherently inconsistent with the finality that ordinarily attaches to a plea of guilty.

It is the responsibility of the Supreme Court and of the Court of Appeals to assure that motions to suppress are decided according to law. A plea bargain blocking appellate review should be viewed as an intrusion on the responsibility of the appellate courts to supervise the administration of justice in the trial courts. To the extent that through plea bargaining rulings adverse to the defendant can be insulated from appellate review, the rights of defendants can be vitiated by a judge who is less disposed than are the appellate courts to protect those rights.

The integrity of the judicial system requires that an erroneous adverse ruling not be used as part of the pressure exerted on defendants to plead guilty. The way to assure that an erroneous ruling is not used, in whole or in part, to obtain a guilty plea is to assure, as is done in a number of states, a right of appeal without regard to whether the defendant pleads guilty.

143 Mich App 718; 373 NW2d 202 (1985) affirmed.

CRIMINAL LAW — APPEAL — GUILTY PLEAS — PLEAS OF NOLO CONTENDERE — WAIVER.

By pleading guilty or nolo contendere, a criminal defendant waives the right to challenge on appeal a denial of a pretrial motion to suppress evidence or a motion to quash the information because of insufficient evidence; a criminal defendant may appeal from an unconditional guilty plea or a plea of nolo contendere only where the claim on appeal implicates the very authority of the state to bring a defendant to trial, that is, where the right of the government to prosecute a defendant is challenged; where the claim sought to be appealed involves only the capacity of the state to prove a defendant's factual guilt, it is waived by such pleas.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James L. Stropkai,* Assistant Attorney General, and *Fred R. Hunter, III,* Prosecuting Attorney, for the people in *New.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people in *Perez.*

*James S. Ainsworth (Patrick W. Priest,* of counsel) for defendant New.

*George S. Buth* for defendant Perez.

CAVANAGH, J. These consolidated cases call upon us to decide whether a criminal defendant, after pleading guilty or nolo contendere, may raise as error on appeal the denial of a motion to suppress evidence or the denial of a motion to quash the information because of insufficient evidence at the preliminary examination. We hold that by pleading guilty or nolo contendere defendants have waived their right to raise these issues on appeal. Since this issue is dispositive of both cases, we do not reach defendants' claims that their pretrial motions were erroneously decided.

I

Defendant Roy New was originally charged with first-degree felony murder[1] and unarmed robbery.[2] Prior to trial, New filed several motions, including a motion to quash the information, asserting that insufficient evidence was presented at the preliminary examination. He also filed a motion to suppress the use of statements he had given to the

[1] MCL 750.316; MSA 28.548.
[2] MCL 750.530; MSA 28.798.

police after his arrest. Both motions were denied by the trial court. Pursuant to plea negotiations, New subsequently pled nolo contendere to an added charge of second-degree murder[3] and was sentenced to serve a prison term of thirty to fifty years.

New appealed his plea-based conviction to the Court of Appeals. The Court of Appeals panel refused to reach the merits of New's appeal, holding that he waived his right to appeal the trial court's decision on his pretrial motions by pleading nolo contendere.

Defendant Jesus Perez was charged with possession with intent to deliver less than fifty grams of heroin,[4] possession of less than fifty grams of cocaine,[5] and as an habitual offender, third offense.[6] Perez filed a motion to suppress evidence of the narcotics seized from the hotel room he was occupying at the time of his arrest. The trial court denied Perez' motion to suppress this evidence. Subsequently, Perez, pursuant to a plea agreement, pled guilty to the charge of attempted possession with intent to deliver less than fifty grams of heroin[7] and to the habitual offender, third offense charge. Perez was sentenced to serve a prison term of from five to ten years.

Perez appealed to the Court of Appeals, which affirmed his plea-based convictions upon the grounds that Perez waived his right to appeal the denial of his suppression motion by pleading guilty. See *People v Perez,* 143 Mich App 718; 373 NW2d 202 (1985).

---

[3] MCL 750.317; MSA 28.549.

[4] MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv).

[5] MCL 333.7403(1), (2)(a)(iv); MSA 14.15(7403)(1), (2)(a)(iv).

[6] MCL 769.11; MSA 28.1083 and MCL 769.13; MSA 28.1085.

[7] MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv) and MCL 750.92; MSA 28.287.

II

A

In the guilty-plea trilogy of *Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970), *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), and *Parker v North Carolina,* 397 US 790; 90 S Ct 1458; 25 L Ed 2d 785 (1970), and in *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973), the Supreme Court recognized that one effect of a guilty plea is to preclude a defendant from challenging constitutional violations alleged to have occurred before the plea. As the Court stated in *Tollett:*

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. [411 US 267.]

In *Menna v New York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195 (1975), the Court explained its holdings in the *Brady* trilogy and in *Tollett* as follows:

> Neither *Tollett v Henderson,* 411 US 258 (1973), nor our earlier cases on which it relied, *e.g., Brady v United States,* 397 US 742 (1970), and *McMann v Richardson,* 397 US 759 (1970), stand for the proposition that counseled guilty pleas inevitably "waive" all antecedent constitutional violations. If they did so hold, the New York Court of Appeals might be correct. However, in *Tollett* we emphasized that waiver was not the basic ingredient of

this line of cases, 411 US 266. The point of these cases is that a counseled plea of guilty is an admission of *factual* guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, *the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does not bar the claim.* [423 US 62-63, n 2. Emphasis changed.]

Thus, the United States Supreme Court has determined that where a defendant's claim is one that would preclude the state from ever prosecuting the defendant for the crime regardless of his factual guilt, a guilty plea does not waive the defendant's right to subsequently raise that claim.[8]

### B

This Court has held, as a general rule, that a plea of guilty "waives all nonjurisdictional defects in the proceedings." *People v Alvin Johnson,* 396 Mich 424, 440; 240 NW2d 729 (1976), cert den sub nom *Michigan v Johnson,* 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976), citing *People v Ginther,* 390 Mich 436, 440; 212 NW2d 922 (1973). In *Alvin Johnson,* we addressed the effect of a plea of guilty on the constitutional defense of double jeopardy. Therein, we limited the broad scope of the plea-

---

[8] For a thorough analysis of the federal authority on this issue, see the separate opinion in *People v White,* 411 Mich 366, 394-399; 308 NW2d 128 (1981) (MOODY, J., concurring in part and dissenting in part).

waiver rule, holding that a guilty plea does not waive defendant's right to appeal from an adverse decision on his double jeopardy defense. 396 Mich 444-445. We set forth the following test to be used to distinguish between those rights or defenses which are waived by a plea of guilty and those rights or defenses which may be asserted despite a plea of guilty:

> Certainly it is true that those rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial may never be waived by guilty plea. These rights are similar to the jurisdictional defenses in that their effect is that there should have been no trial at all. The test, although grounded in the constitution, is therefore a practical one. Thus, the defense of double jeopardy, those grounded in the due process clause, *those relating to insufficient evidence to bind over at preliminary examination and failure to suppress illegally-obtained evidence without which the people could not proceed are other examples.* Wherever it is found that the result of the right asserted would be to prevent the trial from taking place, we follow the lead of the United States Supreme Court and hold a guilty plea does not waive that right. [396 Mich 444. Emphasis added.]

The above-emphasized statement in *Alvin Johnson* was not only a misreading of the previously cited federal authority, it also was not necessary to the decision of that case, as defendant did not present any such claims. Hence, the statement that the defense of the failure to suppress illegally obtained evidence and the defense of insufficient evidence to bind over at the preliminary examina-

tion are examples of claims which survive a guilty plea is obiter dictum.[9]

We next addressed the effect of a guilty plea on an appeal in the case of *People v White,* 411 Mich 366; 308 NW2d 128 (1981). In *White,* this Court unanimously held, in separate opinions, that the defense of entrapment was not waived by a plea of guilty. 411 Mich 386-387, 399. The majority opinion stated that the defense of entrapment "does not involve an assessment of guilt or innocence, but rather expresses a policy that there should be no prosecution at all." 411 Mich 387. Entrapment was determined to be "like a jurisdictional defect." *Id.*

Similarly, the well-reasoned separate opinion noted that if successful, the entrapment defense provides " 'a complete defense to a criminal prosecution' and undercuts 'the state's interest in punishing the defendant' and 'authority or ability to proceed with the trial.' " 411 Mich 393 (MOODY, J., concurring in part and dissenting in part), quoting *Alvin Johnson,* 396 Mich 444.

Recently, this Court discussed the related issue of the validity of a conditional plea of guilty in the case of *People v Reid,* 420 Mich 326; 362 NW2d 655 (1984). The defendants in *Reid* pled guilty, but reserved their right to appeal a denial of their motions to suppress evidence obtained pursuant to a search warrant. We held that a defendant may appeal from a denial of a Fourth Amendment or a Const 1963, art 1, § 11 search and seizure claim where "the defendant could not be prosecuted if

---

[9] Several panels of the Court of Appeals have refused to follow the *Alvin Johnson* dicta. See, e.g., *People v Blackburne,* 150 Mich App 156, 159-160; 387 NW2d 850 (1986), lv den 425 Mich 869 (1986), *People v Eubank,* 121 Mich App 227, 230; 328 NW2d 408 (1982), *People v Kline,* 113 Mich App 733; 318 NW2d 510 (1982), and *People v Ferrigan,* 103 Mich App 214; 302 NW2d 855 (1981), lv den 413 Mich 861 (1982).

his claim that a constitutional right against unreasonable search and seizure was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea." 420 Mich 331-332.

*Reid* did not modify the essential holding of *Alvin Johnson,* but rather provided a procedure (conditional guilty plea) in which a defendant may admit to a criminal act but challenge the state's ability to present its case against him because of an alleged illegal search and seizure. See *Reid,* 420 Mich 334-335.

Today, we hold that a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial . . . ." *White,* 411 Mich 398 (Moody, J., concurring in part and dissenting in part). In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea.

The rationale for this holding was aptly summarized by Justice Moody:

A literal interpretation of the language of *Menna* and *Blackledge* [*v Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974)] might allow a defendant to preserve a wide variety of defenses in spite of his guilty plea. However, the spirit of those cases, and respect for the state's interest in the finality of conviction and judicial economy as reflected in the guilty-plea procedure, undercuts the wisdom of such a construction. Further, the

underlying rationale of the guilty plea in many cases is the notion of bargain and exchange. When a defendant pleads guilty he gives up a series of important rights, including the right to a jury trial, the right to confront accusers and present witnesses, and the right to remain silent. In exchange, he may be convicted of a lesser crime or receive a shorter sentence. Courts should be hesitant to allow a defendant to upset a bargain by which he knowingly and intelligently admitted his guilt.

In light of these functions of the guilty plea in the criminal justice system, the distinction implicit in *Menna* and *Blackledge* and that underlying the "complete defense" language of *Alvin Johnson* would insulate only a narrow class of rights against a waiver by plea. Only those rights and defenses which reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial are preserved. Examples include: the prohibition against double jeopardy, *Menna;* the right to challenge the constitutionality of the statute under which one is charged, *Journigan v Duffy,* 552 F2d 283 (CA 9, 1977); the challenge that a charge is brought under an inapplicable statute, *People v Beckner,* 92 Mich App 166; 285 NW2d 52 (1979). These defenses are "similar to the jurisdictional defenses," *Alvin Johnson,* 444, in that they involve the right of the government to prosecute the defendant in the first place. Such rights may never be waived.

In contrast, those rights which are subsumed in a guilty plea relate to a different aspect of governmental conduct in the criminal process. When a defendant pleads guilty, he waives his right to a trial. Therefore, he necessarily gives up all the rights and challenges associated with that trial. Thus, important safeguards relating to the *capacity* of the state to prove defendant's factual guilt, and those regulating the prosecution's conduct at trial are among those defendant waives when he pleads guilty. These rights, which essentially re-

late to the gathering and presentation of evidence, are lost even if a successful challenge would provide a "complete defense" by in effect rendering the state unable to continue with the prosecution. [411 Mich 397-399.]

### III

Defendant New contends that a plea of nolo contendere is materially distinctive from a guilty plea and should be considered a functional equivalent of the conditional plea permitted in *Reid.* We disagree.

Since a plea of nolo contendere indicates that a defendant does not wish to contest his factual guilt,[10] any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed by, a plea of nolo contendere. Hence, we hold that a plea of nolo contendere has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to prosecute a defendant may be raised on appeal after entry of a plea of nolo contendere.[11]

---

[10] Literally, nolo contendere means " 'I do not wish to contend.' " 21 Am Jur 2d, Criminal Law, § 492, p 813 (citations omitted). The plea indicates a defendant's desire not to contest the issue of his factual guilt. It is an admission of all the essential elements of the charged offense, 1 Wright, Federal Practice & Procedure, § 177, p 384; *Lott v United States,* 367 US 421, 426; 81 S Ct 1563; 6 L Ed 2d 940 (1961), and is tantamount to an admission of guilt for purposes of the case. Wright, *supra;* 21 Am Jur 2d, § 497, p 822; *Hudson v United States,* 272 US 451, 455; 47 S Ct 127; 71 L Ed 347 (1926).

[11] Other courts have so held: *United Brotherhood of Carpenters & Joiners of America v United States,* 330 US 395, 412, n 26; 67 S Ct 775; 91 L Ed 973 (1947); *United States v Freed,* 688 F2d 24, 25 (CA 6, 1982); *State v Tripp,* 236 NC 320, 321; 72 SE2d 660 (1952); *Ellsworth v*

IV

Under the test advanced above, defendant New's claim that the trial court erred in failing to suppress his statements given to the police and defendant Perez' claim that the trial court erred in denying his motion to suppress the evidence of the narcotics are waived by their respective nolo contendere and guilty pleas. Both defenses relate solely to the gathering and the preservation of evidence and, hence, challenge only the state's ability to prove their factual guilt. Defendants' claims do not challenge the authority of the state to prosecute the defendants.

Defendants' convictions do not rest upon the allegedly illegally seized narcotics or the involuntary statements, but rather upon their admission in open court to the charged offenses. See *Alvin Johnson,* 396 Mich 440-441. By pleading to the charges as they have, defendants have made the issue of their factual guilt irrelevant. Their voluntary and intelligent pleas[12] have conclusively resolved the issue of their factual guilt in favor of the state. Therefore, the state does not have to bear the burden of producing sufficient evidence to prove defendants' guilt beyond a reasonable doubt.[13]

Defendant New's claim that his conviction ought to be reversed because insufficient evidence of the corpus delicti of the crime was presented at the preliminary examination is, likewise, waived by his plea of nolo contendere.

*State,* 258 Wis 636, 639-640; 46 NW2d 746 (1951); *Hoover v State,* 568 P2d 404, 405 (Alas, 1977); *State v Canaday,* 116 Ariz 296; 569 P2d 238 (1977).

[12] Defendants do not contest the validity of their pleas.

[13] See *White,* 411 Mich 394 (Moody, J., concurring in part and dissenting in part), citing Shwartz, Note: *The guilty plea as a waiver of "present but unknowable" constitutional rights: The aftermath of the* Brady *trilogy,* 74 Colum L R 1435 (1974).

An examining magistrate's decision to bind defendant over for trial is reviewable by a circuit court judge. If, the circuit court judge finds the evidence insufficient to show the commission of the crime or defendant's participation in it, he may either dismiss the charges or remand the cause to the examining magistrate for further examination. See *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 119-120; 215 NW2d 145 (1974). The bind-over procedure is structured so as to allow the prosecutor, upon remand by the circuit court, to attempt to remedy any insufficiency in the proof in order to establish the requisite probable cause.[14] Since the prosecutor may, upon remand, present sufficient evidence to bind defendant over and to proceed to trial, it follows that any error in binding defendant over relates solely to the factual evidence of defendant's participation in the criminal act. Such an error implicates only the capacity of the state to prove defendant's guilt and does not implicate the authority of the state to prosecute the defendant. Therefore, defendant New's challenge to the sufficiency of the evidence presented at the preliminary examination does not survive his plea of nolo contendere.

V

In summary, in addition to the *Reid* conditional plea situation, a criminal defendant may appeal from an unconditional guilty plea or a plea of nolo contendere only where the claim on appeal implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged. Such rights are never waived by a plea of

[14] *People v Miklovich,* 375 Mich 536, 539; 134 NW2d 720 (1965); *People v Salazar,* 124 Mich App 249, 251-252; 333 NW2d 567 (1983).

guilty or nolo contendere. Where the claim sought to be appealed involves only the capacity of the state to prove defendant's factual guilt, it is waived by a plea of guilty or nolo contendere. The defendants' convictions are affirmed.

WILLIAMS, C.J., and BRICKLEY, BOYLE, RILEY, and ARCHER, JJ., concurred with CAVANAGH, J.

LEVIN, J. (*dissenting*). The opinion of the Court states that a defendant may appeal from an unconditional guilty plea where the claim on appeal "implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged. Such rights are never waived by a plea of guilty . . . ." Where, however, "the claim sought to be appealed involves *only* the capacity of the state to prove defendant's factual guilt, it is waived by a plea of guilty . . . ."[1] (Emphasis supplied.)

The distinction is not, in my opinion, sound. An accused has a constitutional right not to be convicted except upon evidence establishing his guilt[2] to the satisfaction of a jury beyond a reasonable doubt. If the motion to suppress evidence seized at the hotel room that Perez was occupying had been granted or New's confessional statement had been suppressed, there might not have been sufficient evidence to persuade a jury of their guilt beyond a reasonable doubt. The state has no greater right to prosecute a defendant without sufficient valid evidence of his guilt than to prosecute a defendant

---

[1] *Ante*, pp 495-496.

[2] *Thompson v Louisville*, 362 US 199, 204; 80 S Ct 624; 4 L Ed 2d 654 (1960); *Garner v Louisiana*, 368 US 157, 164; 82 S Ct 248; 7 L Ed 2d 207 (1961); *Johnson v Florida*, 391 US 596, 598-599; 88 S Ct 1713; 20 L Ed 2d 838 (1968).

who has a valid defense of double jeopardy or entrapment.

At least in a case where the prosecution's ability to convict of the charged offense depends on the evidence sought to be suppressed, I see no substantial difference between a case where the government has insufficient valid evidence to convict and a case where the defendant has a valid double jeopardy or entrapment defense. In both cases "the very authority of the state to bring the defendant to trial" and "the right of the government to prosecute the defendant" are implicated.

The argument that the defendant admitted his guilt in open court does not distinguish the instant cases where the defendants unsuccessfully sought to suppress evidence from a case where the defendant unsuccessfully claimed double jeopardy or entrapment before pleading guilty. In the double jeopardy and entrapment cases, the defendant will also have admitted his guilt in open court and provided a factual basis for acceptance of his plea of guilty. The presumption of innocence, the constitutional right not to be convicted except upon presentation of the requisite valid evidence,[3] is as important and possibly more important than the Double Jeopardy Clause and the principle that the state may not obtain a conviction by entrapment.

I

In *People v Reid*, 420 Mich 326; 362 NW2d 655 (1984), this Court held that a defendant could obtain appellate review following a plea of guilty of a decision denying a motion to suppress evidence where the prosecutor and judge agreed at

[3] *Id.;* LaFave & Scott, Criminal Law, § 8, pp 52-53; Nowak, Rotunda & Young, Constitutional Law (2d ed), pp 534-535. *In re Winship,* 397 US 358, 361; 90 S Ct 1068; 25 L Ed 2d 368 (1970).

the time of the plea of guilty to a so-called conditional plea. Appellate review following a plea of guilty of a denial of a motion to suppress is thus not inherently inconsistent with the finality that ordinarily attaches to a plea of guilty.

In *People v Reid*, pp 332-333, this Court observed:

> Some federal courts allow a conditional guilty plea whenever a substantial constitutional claim is involved. Although the United States Supreme Court has not squarely considered the validity of a conditional guilty plea, it has, in dictum, spoken with apparent approval of a New York statute allowing a conditional plea.[12]

---

[12] *Lefkowitz v Newsome*, 420 US 283, 292-293; 95 S Ct 886; 43 L Ed 2d 196 (1975).

Three states provide by statute that a defendant may appeal an order denying a motion to suppress evidence, notwithstanding a prior plea of guilty. California Penal Code, § 1538.5(m); Wisconsin Statutes Annotated, § 971.31(10); New York Code Crim Proc, § 710.70(2) (McKinney).

Other states authorize conditional pleas by judicial decision. See, e.g., *Nickels v State*, 545 P2d 163 (Alas, 1976); *Cooksey v State*, 524 P2d 1251 (Alas, 1974); *State v Hutchinson*, 349 So 2d 1252 (La, 1977); *State v Lain*, 347 So 2d 167 (La, 1977); *Dorsey v Cupp*, 12 Or App 604; 508 P2d 445 (1973). But see, e.g., *State v Dorr*, 184 NW2d 673 (Iowa, 1971); *State v Turcotte*, 164 Mont 426; 524 P2d 787 (1974).

---

II

What is at stake in the instant cases is not a technical difference between a "jurisdictional" and a nonjurisdictional defense,[4] but appellate docket congestion and plea bargaining.

---

[4] In *People v Reid, supra*, p 333, n 13, this Court said:

> More than one commentator has suggested that there is no clear and useful definition of the term "jurisdictional":
> "The obvious difficulty with 'jurisdictional error' is that it is not self-defining; it is a label one attaches to those constitu-

If the Court of Appeals would routinely hear interlocutory appeals from the denial of a suppression motion, a defendant could then obtain appellate review before he is confronted with the choice of pleading guilty or standing trial and there would generally be no need to preserve a right of appeal following a guilty plea.

The reality, however, is that neither the Court of Appeals nor this Court can hear many interlocutory appeals. Even if the appellate courts could do so, the delay in trial would be unacceptable. Criminal cases should be tried promptly for a number of reasons.

In *People v Reid,* pp 334-335, n 14, this Court said:

> It has been asserted that allowing a defendant to plead guilty and thereafter to appeal a nonjurisdictional issue could result in further overcrowding of the appellate courts. The state, however, has no legitimate interest in discouraging a defendant from appealing an adverse ruling in order to reduce the appellate caseload.[14] The issues involved in an appeal may not be presumed to be frivolous.
>
> The procedure for interlocutory review of a defendant's pretrial motion does not provide an adequate opportunity for appellate review of trial court rulings. Such review is granted only infrequently, not as a matter of course. In any event, if

tional defenses that are already determined—by some anterior standard—to deserve to be heard.

\* \* \*

"In conclusion, for purposes of defining the kinds of claims that survive a guilty plea, the notion of jurisdictional error is either fallacious or useless: if understood in its technical sense as a term of art, it fails to explain the cases; if understood more broadly as a term for the guilty plea cases alone, it is superfluous." Westen, *Forfeiture by Guilty Plea—A Reply,* 76 Mich L Rev 1308, 1330-1334 (1978).

interlocutory review is granted, it presents no less a strain on appellate resources than appeal following a plea of guilty or trial.

A defendant may have a legitimate legal defense notwithstanding his factual guilt. As [noted by the dissenting Court of Appeals judge] in *Reid*, "[a] qualified plea does not cause the courts to consider claims to which a defendant 'was not entitled.' It merely allows a defendant to say, 'Yes, I did the act, but I contest the state's ability to present its case against me.' There may be a number of reasons why a defendant would feel he had a legitimate legal defense to the state's prosecution, but that it would be futile or impossible for the defendant to say that he did not do the act with which he was charged." 113 Mich App 262, 269; 317 NW2d 589 (1982).

It is argued that permitting an appeal from a guilty plea would deprive the plea of finality, create delay, and interfere with the deterrent effect of punishment. In cases where the defendant chooses to go to trial in order to preserve his right of appeal, however, not only is finality not achieved, but a successful appeal may result in two trials and two appeals. [See *People v Reid, supra*, p 220.]

---

[14]A study of conditional guilty pleas concludes that "[e]xperience with conditional pleas in New York and California indicates that a relatively small number of additional appeals are generated; no 'flooding' of appellate courts has resulted." Note, *Conditional Guilty Pleas*, 93 Harv L Rev 564, 573 (1980).

---

### III

A defendant may conclude that unless he can secure reversal of an adverse ruling on a pretrial issue, the possibility of persuading the trier of fact does not justify proceeding to trial. The defendant is nevertheless obliged to stand trial in order to preserve his right to appeal the pretrial ruling unless permitted to appeal following a plea of

guilty.[5] Both the state and such a defendant are unnecessarily required by today's decision to endure the burdens of a criminal trial.

Other defendants might forego their appellate rights to avoid a trial at which, given the pretrial ruling, they believe they have little possibility of succeeding. Some may believe they will be treated more leniently by the sentencing judge, who usually will be the same judge who made the adverse pretrial ruling, if they plead guilty than they would be if they went to trial.

In both of the instant cases, the prosecutor offered a significant charge reduction in exchange for the plea of guilty which this Court today holds waived the defendant's right to appeal from the denial of his suppression motion.

The courts have permitted a prosecutor to offer a charge reduction in exchange for a plea of guilty. Both the prosecutor and the defendant may be concerned how the jury will resolve the issue of guilt and innocence and may compromise on a plea to a lesser charge. One does not know how the proofs will come in at a trial, how the lawyer's arguments will be perceived, what mishaps might occur during the course of the trial, or what the jury will do. Those uncertainties cannot be eliminated and are thought to justify compromise by the prosecutor and defendant.

Uncertainty resulting from an erroneous ruling on a suppression motion can be eliminated by providing for appellate review. Having in mind the advantages the judicial system permits to be offered for a plea of guilty, an erroneous ruling that cannot be readily appealed is undue and improper pressure to plead guilty. The pressure stems in part from the failure of the judicial system to

---

[5] See *People v Reid, supra,* n 12, quoted above.

assure a correct ruling by securing an appellate opportunity to obtain reversal following a plea of guilty of an erroneous ruling that cannot be readily appealed before the defendant must choose whether to stand trial or, accepting the advantages offered for a plea of guilty, plead guilty.

To the extent the failure to provide an appellate opportunity either after a plea of guilty or before the defendant must choose whether to accept or waive the advantages offered for a plea of guilty may increase the likelihood of erroneous ruling at the trial level, the denial of appeal after a plea of guilty is a further source of pressure to plead guilty.

IV

We are not here considering compromise based on doubt as to how a jury will resolve a factual dispute, but compromise as to how an appellate court will decide an appeal from a denial of a suppression motion.

If, as this Court held in *People v Reid, supra,* appellate review is permissible following a plea of guilty when the prosecutor and the judge consent, then it ought to be questioned on what basis the prosecutor, the defendant's adversary, and the judge, whose ruling would be reviewed, should be empowered to decide whether to allow or withhold "consent" to such review.

It is the responsibility of this Court and of the Court of Appeals to assure that motions to suppress are decided according to law. A plea bargain blocking appellate review should be viewed as an intrusion on the responsibility of the appellate courts to supervise the administration of justice in the trial courts. To the extent that through plea bargaining rulings adverse to the defendant can be

insulated from appellate review, the rights of defendants can be vitiated by a judge who is less disposed than are the appellate courts to protect those rights.

The integrity of the judicial system requires that an erroneous adverse ruling not be used as part of the pressure exerted on defendants to plead guilty. The way to assure that an erroneous ruling is not used, in whole or in part, to obtain a guilty plea is to assure, as is done in a number of states,[6] a right of appeal without regard to whether the defendant pleads guilty.

V

If appeal following a guilty plea were allowed without the consent of the prosecutor and the prosecutor were to claim that the prosecution of a guilty-pleading defendant can proceed without the

---

[6] See *People v Reid, supra,* ns 12 and 14, quoted in parts I and II, *supra.* In California, Wisconsin and New York, a plea of guilty is "conditional" without the defendant stating before the plea is accepted that the plea is conditioned on being allowed to appeal following conviction on the plea from the denial of the motion to suppress:

> A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence. [Cal Penal Code, § 1538.5(m).]

> An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty. [Wis Stat Ann, § 971.31(10).]

> An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty. [NY Code Crim Proc, § 710.70(2) (McKinney).]

evidence the defendant sought to suppress but that
the delay attendant upon an appeal following a
plea of guilty might result in loss of evidence or
otherwise embarrass a successful prosecution, the
judge or the Court of Appeals might, in the exer-
cise of judicial discretion, allow the prosecution to
take depositions to preserve testimony or grant
such other protective relief as might appear appro-
priate.[7]

---

[7] Whatever infirmity there would be in using preserved testimony
in the relatively few cases where there will be both a reversal on
appeal following a plea of guilty and the prosecutor has substantial
evidence of guilt other than the evidence suppressed on appeal but
live testimony will be unavailable at a trial, is not so overwhelming a
problem as to justify the use of erroneous rulings to obtain guilty
pleas.