PEOPLE v SELLS

Docket No. 89677. Submitted September 14, 1987, at Lansing. Decided November 2, 1987. Leave to appeal applied for.

Steven L. Sells was convicted on his plea of nolo contendere to a charge of involuntary manslaughter and was sentenced to eight to fifteen years imprisonment, Leelanau Circuit Court, William R. Brown, J. Defendant appealed, claiming his conviction should be reversed and the case remanded or, in the alternative, the charges dismissed because the trial court erred in failing to suppress evidence comprised of the results of a blood test and statements made by defendant to the police prior to any *Miranda* warnings. Defendant also claimed that he entered his plea without full knowledge of the nature of the charge and without knowingly and voluntarily giving up his right to a trial.

The Court of Appeals *held:*

1. A criminal defendant may appeal from a conviction on his plea of guilty or nolo contendere only where the claim of appeal implicates the very authority of the state to bring a defendant to trial, that is, where the right of the government to prosecute the defendant is challenged. Where the claim asserted involves only the capacity of the state to prove the defendant's factual guilt, it is waived by such a plea. By pleading nolo contendere, defendant has indicated he does not contest his factual guilt, has relieved the prosecution from its burden of proving his guilt beyond a reasonable doubt, and has waived the right to challenge the issue of factual guilt on appeal.

2. The record indicated that defendant was fully informed of the rights he was waiving and of the potential consequences of a plea of nolo contendere.

Affirmed.

Cynar, J., concurred in result only.

References

Am Jur 2d, Criminal Law §§ 478, 490, 498.

Withdrawal of plea of guilty or nolo contendere, after sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

CRIMINAL LAW — APPEAL — GUILTY PLEAS — NOLO CONTENDERE PLEAS — WAIVER.

A criminal defendant may appeal from a conviction on his plea of guilty or nolo contendere only where the claim on appeal implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged; where the claim asserted involves only the capacity of the state to prove the defendant's factual guilt, it is waived by such a plea.

*Larry J. Nelson,* for defendant on appeal.

Before: M. J. KELLY, P.J., and CYNAR and M. M. DOCTOROFF, JJ.

M. J. KELLY, P.J. Defendant pled nolo contendere to a charge of involuntary manslaughter, MCL 750.321; MSA 28.553. He was subsequently sentenced on February 4, 1985, to eight to fifteen years imprisonment. Defendant appeals as of right. We affirm.

On April 6, 1984, defendant was the driver of one of two cars involved in a head-on collision. As a result of the accident four persons died and defendant was subsequently charged with four counts of involuntary manslaughter. A jury trial was requested.

On October 16, 1984, defendant moved to suppress statements made by him to the arresting officers. Defendant also moved to suppress the results of a blood test that revealed defendant's blood-alcohol level.

On November 8, 1984, both motions were denied. On the next day, November 9, 1984, defendant pled nolo contendere to the amended information's charge of a single count of involuntary manslaughter. Defendant's plea was accepted and he was subsequently sentenced to a minimum of eight years and a maximum of fifteen years imprisonment.

. Despite his plea of no contest, defendant argues his conviction should be reversed and the case remanded or, in the alternative, the charges dismissed. The first basis for this claim is his contention that the trial court erred in failing to suppress evidence of the results of a blood test and the statements made by defendant prior to his being given *Miranda* warnings. See *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 644; 10 ALR3d 974 (1966). As stated previously, defendant brought timely motions to suppress both the test results and the statements. Subsequent to a pretrial *Walker* hearing, these motions were denied. See *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

In *People v New,* 427 Mich 482; 398 NW2d 358 (1986), defendant New, who had pled no contest, claimed the trial court erred in failing to suppress statements made by him to the police. In a consolidated case, defendant Perez, who had pled guilty, claimed the trial court erred in denying his motion to suppress evidence of narcotics.

The Supreme Court held:

> [A] defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very authority of the state to bring a defendant to trial . . . ." [*People v White,* 411 Mich 366, 398; 308 NW2d 128 (1981)] (MOODY, J., concurring in part and dissenting in part). In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea. [*People v New, supra* at 491.]

*New* also held that, since in pleading nolo contendere a defendant indicates he does not contest his factual guilt, "claims or defenses which relate to the issue of factual guilt are waived by such a plea." *Id.* at 493.

The convictions of the defendants in *New* rested upon their admissions in open court and not upon illegally seized narcotics or involuntary statements. By pleading to the charges, the issue of factual guilt became irrelevant, and the state did not have the burden to produce "sufficient evidence to prove defendants' guilt beyond a reasonable doubt." *Id.* at 494.

Likewise, by pleading no contest, defendant's conviction here rested upon his admission in open court. When he pled to the charge of involuntary manslaughter his factual guilt became irrelevant. Therefore, issues of whether evidence of his blood-alcohol level was admissible or whether his statements made prior to *Miranda* warnings were admissible became irrelevant. The state did not have to produce sufficient evidence to prove his guilt beyond a reasonable doubt.

Defendant next argues that his plea was entered without full knowledge of the nature of the accusation and without knowingingly and voluntarily giving up his right to a trial. This claim is without merit. Defendant merely makes a general claim and has not pointed to any specific instance where the trial court erred in accepting his plea, and we can find none.

The trial court, before accepting defendant's plea, fully informed defendant of the effect of his plea and of the fact that conviction on the charged offense carried a maximum term of fifteen years imprisonment. The trial court also ascertained defendant's age, education, and the fact that defendant, at the time of the plea, was not on any drugs

or medication. The trial court then meticulously informed defendant of the rights he was waiving by pleading no contest.

Upon review of the entire plea hearing we find that defendant was fully informed of the rights he was waiving and of the potential consequences of that decision.

Affirmed.

CYNAR, J., concurred in the result only.