STATE OF MICHIGAN

 COURT OF APPEALS

In re MARCOS ANTONIO TORRES, Minor.

PEOPLE OF THE STATE OF MICHIGAN, UNPUBLISHED
 November 25, 2014
 Petitioner-Appellee,

v No. 316655
 Saginaw Circuit Court
MARCOS ANTONIO TORRES, Family Division
 LC No. 11-033048-DL
 Respondent-Appellant.

Before: FITZGERALD, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

 Respondent appeals from the trial court’s order to waive jurisdiction from the juvenile
court and subsequent transfer to circuit court. We affirm.

 In May 2013, Judge Faye M. Harrison of the Saginaw County circuit court, family
division, waived the juvenile court’s jurisdiction and transferred the matter to circuit court for
adult proceedings. Respondent was charged with carrying a concealed weapon, MCL 750.227,
carrying a dangerous weapon with unlawful intent, MCL 750.226, two counts of carrying a
firearm during the commission of a felony, MCL 750.227b, and discharge of a firearm into a
building, MCL 750.234b. After respondent was transferred to the adult court he plead guilty to
discharge of a firearm into a building and two counts of felony-firearm. He was sentenced to five
months in jail for the discharge of a firearm into a building and two years in prison for the
felony-firearm charges.

 On November 11, 2012, in the early morning around 4:00 a.m., respondent, who was 16
years old, and Miguel Hernandez were out riding bikes after consuming vodka and picking up a
sawed-off shotgun. They rode by the home of the Ramirez family where respondent, who had
issues with Gary Ramirez, decided to teach Gary a lesson. Respondent fired two shotgun blasts
into the front of the Ramirez house, breaking a window and putting holes in the wall. At this
point, respondent and Hernandez fled the house on their bikes. Upon realizing that the house had
been shot, Melissa Ramirez called 911 to report the shooting. Two state police officers
responded to the call and tracked down respondent after he had fallen off his bike. Both
respondent and Hernandez were taken into custody for questioning.

 -1-
 On appeal, plaintiff argues that the trial court abused its discretion in minimizing the
importance of respondent’s past history, lack of recommended services, his behavior in detention
since these charges, and looking only at the seriousness of the charged offenses and did not look
at his history of good behavior. Respondent argues that he and society would be better served by
remanding him back to the juvenile court system.

 Petitioner argues that respondent waived his right to appeal the waiver from juvenile
court to the adult court when he pleaded guilty to the charges against him in the circuit court.
We agree. “One who waives his rights under a rule may not then seek appellate review of a
claimed deprivation of those rights, for his waiver has extinguished any error.” People v Carter,
462 Mich 206, 215; 612 NW2d 144 (2000). Furthermore, “a defendant, after pleading guilty,
may raise on appeal only those defenses and rights which would preclude the state from
obtaining a valid conviction against the defendant.” People v New, 427 Mich 482, 491; 398
NW2d 358 (1986). Moreover, the Supreme Court has specifically stated that a guilty plea waives
“claims of error in juvenile waiver proceedings . . . .” People v Bulger, 462 Mich 495, 517 n 7;
614 NW2d 103 (2000), habeus relief granted on other grounds Bulger v Curtis, 328 F Supp 692
(D ED Mich, 2004).

 In his response brief in this Court, respondent acknowledges that he has pleaded guilty.
Further, respondent does not claim that the guilty plea was conditioned upon his right to continue
to challenge the family division’s waiver of jurisdiction. Accordingly, we conclude that his
unconditional plea has waived this issue.

 Affirmed.

 /s/ E. Thomas Fitzgerald
 /s/ David H. Sawyer

 -2-