*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLICATION
January 13, 2026
3:10 PM

Plaintiff-Appellee,

v

No. 372430
Genesee Circuit Court
LC No. 2022-050791-FH

DEQUAN ONEAL BADON,

Defendant-Appellant.

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of felon-in-possession of a firearm, MCL 750.224f; one count of felon-in-possession of ammunition, MCL 750.224f(6);[1] and one count of carrying a concealed weapon (CCW), MCL 750.227; after he shot and killed a person in self-defense. This Court granted defendant's application for leave to appeal, limited to those issues raised in the application for leave to appeal, and also stated the following:

> The parties should address not only the substantive issues presented in the application, but also the precise nature of the alleged errors in the trial court. Specifically, the parties should address whether defendant is challenging the validity of his guilty plea and on what basis, whether the unpreserved error was waived or forfeited, whether the error was constitutional error, whether it was structural error, and the applicable standard of review and how it applies in the circumstances of this case. See, e.g., *People v King*, 512 Mich 1 (2023); *People v Davis*, 509 Mich 52 (2022); *People v Vandenberg*, 307 Mich App 57 (2014). [*People v Badon*, unpublished order of the Court of Appeals, entered November 7, 2024 (Docket No. 372430)].

---

[1] MCL 750.224f was amended effective February 13, 2024 after defendant's conviction, and the numbering was altered such that felon-in-possession of ammunition was changed from subsection (6) to (7). See 2023 PA 201. However, the language for this offense remained unchanged.

Defendant filed a brief on appeal arguing that the statutes he was convicted under are facially unconstitutional. However, shortly after appellant's brief was filed in this matter, this Court issued decisions rejecting the same arguments, as it pertains to each of the respective statutes, first in *People v Hughes*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 367172), and then in *People v Langston*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367270). As a result, we affirm defendant's convictions.

## I. VALIDITY OF DEFENDANT'S PLEA AND UNPRESERVED ERROR

On appeal, defendant does not contest the validity of his guilty plea.

Regarding the issue of the unpreserved error, defendant argues that "the unpreserved error is not waived or forfeited because there is a jurisdictional defect; the constitutional error should be considered a structural error; and the standard of review is de novo because the issue is a question of law." Defendant relies upon the Michigan Supreme Court's decision in *People v New*, 427 Mich 482; 398 NW2d 358 (1986), in which the Court held that "a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant." *Id*. at 491. The *New* Court found that, when a defendant pleads guilty to a crime, " 'rights and defenses which reach beyond the factual determination of defendant's guilt and implicate the very authority of the state to bring a defendant to trial are preserved,' " including, for example, " 'the right to challenge the constitutionality of the statute under which one is charged.' " *Id*. at 492, quoting *People v White*, 411 Mich 366, 398; 308 NW2d 128 (1981) (MOODY, J., concurring in part and dissenting in part).

However, defendant ignores subsequent Michigan case law that has further analyzed the issue of unpreserved constitutional error. Criminal defendants must preserve constitutional issues by raising them in the trial court. *People v Swenor*, 336 Mich App 550, 562; 971 NW2d 33 (2021). Here, defendant did not object to the constitutionality of either statute before this appeal.

An unpreserved claim of constitutional error is reviewed by this Court for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). See also *People v Adamowicz*, 346 Mich App 213, 219 n 1; 12 NW3d 35 (2023), in which this Court applied a plain error analysis to the defendant's unpreserved facial challenge to the constitutionality of MCL 750.3161(1)(a). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763 In order to satisfy the third element, a defendant must show "prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. A defendant may also satisfy the third element by showing the existence of a structural error, which is an error that "by definition affect[s] the framework within which the trial proceeds." *People v Davis*, 509 Mich 52, 72; 983 NW2d 325 (2022). Once a defendant satisfies these requirements, an appellate court may reverse if the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Carines*, 460 Mich at 763-764 (quotation marks, brackets and citation omitted).

## II. MCL 750.224f

The United States Constitution and the Michigan Constitution both "grant individuals a right to keep and bear arms for self-defense." *People v Yanna*, 297 Mich App 137, 142; 824 NW2d 241 (2012); see also US Const, Am II; Const 1963, art 1, § 6. However, this right is not absolute and may be subject to certain limitations. *District of Columbia v Heller*, 554 US 570, 626; 128 S Ct 2783; 171 L Ed 2d 637 (2008). A statute that limits the right to bear arms is constitutional if the government can demonstrate that it "is consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc v Bruen*, 597 US 1, 17; 142 S Ct 2111; 213 L Ed 2d 387 (2022).

As relevant to the present case, MCL 750.224f provides:

(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation.

\* \* \*

(3) Except as provided in subsection (4), a person convicted of a felony shall not possess, use, transport, sell, carry, ship, or distribute ammunition in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation.

Most of defendant's argument centers on the federal felon-in-possession statute, 18 USC 922(g)(1), and the pending and recently decided federal cases that have interpreted it. However, defendant does not cite any binding authority to support his argument and ignores that our cases that have already determined that MCL 750.224f is constitutional. See *People v Swint*, 225 Mich App 353, 358-359; 572 NW2d 666 (1997); *People v Green*, 228 Mich App 684, 692; 580 NW2d 444 (1998). Additionally, as noted above, defendant's argument on appeal was recently considered, and rejected, by this Court in *Hughes*, ___ Mich App at ___-___; slip op at 9-14. In *Hughes*, this Court first emphasized the numerous cases that illustrate that the changes to

-3-

Second Amendment jurisprudence that were announced in *Bruen* did not "place[] into question statutes like those prohibiting gun possession by felons." *Id*. at ___; slip op at 10. Adopting the historical-tradition analysis from *United States v Coombes*, 629 F Supp 3d 1149, 1157-1160 (ND Okla, 2022), we held that "MCL 750.224f's restrictions are consistent with the Nation's historical precedent of regulating firearm possession by persons convicted of felonies, and defendant's facial challenge regarding the constitutionality of the felon-in-possession statute fails." *Id*. at ___; slip op at 12-14. Therefore, because *Hughes* is binding precedent,[2] defendant's constitutional challenge to MCL 750.224f fails.

Furthermore, as relevant to defendant's case, MCL 750.227(2) provides:

A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

Defendant abandoned his challenge to his CCW conviction because he failed to cite any authority to support an argument that statutes banning the carrying of a concealed weapon are unconstitutional under *Bruen's* historical tradition framework. See *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016). Regardless, this Court rejected the same argument in *Langston*, ___ Mich App at ___; slip op at 3, by ruling that "the requirement of MCL 750.227 that a person must possess a valid [concealed pistol license] in order to carry a pistol in an automobile does not violate the Second Amendment." Therefore, even if defendant did not abandon this argument, his constitutional challenge to MCL 750.227 also fails because *Langston* is binding precedent.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

---

[2] See MCR 7.215(J)(1).