PEOPLE v NUNN

Docket No. 103512. Submitted June 20, 1988, at Lansing. Decided July 15, 1988.

Andre Rodney Nunn was convicted on his plea of guilty of receiving and concealing stolen property valued in excess of $100 and of being an habitual offender, third offense, Genesee Circuit Court, Robert M. Ransom, J. Defendant appealed, claiming ineffective assistance of counsel.

The Court of Appeals *held:*

1. A defendant may appeal from an unconditional guilty plea only where the claim on appeal implicates the very authority of the state to bring a defendant to trial. Where the claim sought to be appealed involves only the capacity of the state to prove a defendant's factual guilt, it is waived by such plea. In this case, defendant's claims on appeal do not involve the state's authority to bring defendant to trial, but concern counsel's failure to have acted on certain evidentiary matters or on subjects relating to the state's ability to prove defendant's factual guilt.

2. In reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, this Court focuses upon whether the defendant's plea was made voluntarily and understandingly. Here, there was no indication that defendant did not voluntarily and understandably tender his guilty plea.

Affirmed.

1. CRIMINAL LAW — APPEAL — GUILTY PLEAS.

A defendant may appeal from an unconditional guilty plea only where the claim on appeal implicates the very authority of the state to bring a defendant to trial; where the claim sought to be appealed involves only the capacity of the state to prove a defendant's factual guilt, it is waived by such plea.

2. CRIMINAL LAW — APPEAL — GUILTY PLEAS — ASSISTANCE OF COUNSEL.

The Court of Appeals, in reviewing a claim of ineffective assis-

REFERENCES

Am Jur 2d, Appeal and Error § 271.

Am Jur 2d, Criminal Law §§ 469 *et seq.*

Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.

tance of counsel arising out of a guilty plea, should focus upon whether the defendant's plea was made voluntarily and understandingly.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Michael J. Berezowsky,* for defendant on appeal.

Before: WAHLS, P.J., and HOOD and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant, Andre Rodney Nunn, born on August 21, 1960, was charged with larceny of property valued in excess of $100, MCL 750.356; MSA 28.588, receiving and concealing stolen property valued in excess of $100, MCL 750.535; MSA 28.803, and habitual offender, fourth offense, MCL 769.12; MSA 28.1084, and, pursuant to an agreement arrived at on May 5, 1987, the date set for trial, pled guilty to receiving and concealing stolen property valued in excess of $100 and habitual offender, third offense, MCL 769.11; MSA 28.1083. As part of the agreement, the prosecutor recommended to the court that "[defendant's] sentence not exceed six to ten years." On May 27, 1987, the Genesee Circuit Court, noting that defendant had been "well represented" by defense counsel, had been imprisoned on three earlier occasions, and had been on parole at the time of the instant receiving and concealing offense, followed the sentence recommendation and imposed a sentence of six to ten years. On appeal, defendant contends that his convictions should be reversed and his

_____

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

case remanded for further proceedings in essence because he was deprived of the effective assistance of counsel at and after his preliminary examination. US Const, Am VI; Const 1963, art 1, § 20. We affirm.

In his appellate brief, defendant lists ten separate grounds upon which he bases his claim of ineffective assistance of counsel. These issues concern defense counsel's failure to have acted on certain evidentiary matters or on subjects relating to the state's ability to prove defendant's factual guilt. None of the issues concerns a defense or right which would implicate the very *authority* of the state to bring defendant to trial. In *People v New,* 427 Mich 482, 491; 398 NW2d 358 (1986), the Supreme Court stated:

> Today, we hold that a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial . . . ." [*People v White,* 411 Mich 366, 398; 308 NW2d 128 (1981)] (Moody, J., concurring in part and dissenting in part). In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea. [Emphasis in original.]

Moreover, in *People v Johnson (After Remand),* 125 Mich App 76, 80; 336 NW2d 7 (1983), lv den 419 Mich 867 (1984), this Court, emphasizing that the ineffective assistance of counsel does not constitute a complete defense to a criminal prosecution but merely requires a new trial, stated that,

"in reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, the Court should focus upon whether the defendant's plea was made voluntarily and understandably." In this case, we detect no hint of involuntariness in defendant's plea, and defendant's own appellate brief acknowledges that the trial court "accepted the plea after meticulous compliance with the applicable Court Rule, MCR 6.101(F)," and that "the plea-taking procedure was a model of compliance with MCR 6.101(F)."

Since defendant, who pled guilty in open court to the crimes for which he was convicted, does not raise issues on appeal which implicate the very authority of the state to bring him to trial, and since there has been no finding, or even allegation, of involuntariness regarding defendant's guilty pleas, we discern no reason to reverse defendant's convictions.

Affirmed.