PEOPLE v IRWIN

Docket No. 120539. Submitted September 6, 1991, at Lansing. Decided December 16, 1991, at 9:05 A.M. Leave to appeal sought.

David Irwin pleaded nolo contendere in the Genesee Circuit Court, Robert M. Ransom, J., to a charge of arson of real property and was sentenced to five to ten years in prison. He appealed, alleging that the court did not have jurisdiction because the prosecutor did not bring him to trial within the 180-day period required by MCL 780.131; MSA 28.969(1).

The Court of Appeals *held:*

An unconditional plea of guilty or nolo contendere waives review of a claim that the 180-day rule was violated.

Affirmed.

CAVANAGH, J., dissenting, stated that where the issue of a speedy trial is raised, particularly where based on the 180-day rule, the state's capacity to prove a defendant's factual guilt is not challenged, but, rather, the state's right to bring the defendant to trial.

CRIMINAL LAW — GUILTY PLEAS — 180-DAY RULE — WAIVER OF DEFECTS IN PERSONAL JURISDICTION.

An unconditional plea of guilty or nolo contendere waives review of a claim that the 180-day rule regarding speedy trials was violated (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Gladys L. Christopherson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald E. Steinberg*), for the defendant on appeal.

REFERENCES

Am Jur 2d, Criminal Law §§ 469, 865, 866.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and CAVANAGH, JJ.

DOCTOROFF, J. Defendant pleaded nolo contendere to a charge of arson of real property, MCL 750.73; MSA 28.268, and was sentenced to a prison term of five to ten years. Defendant appeals as of right, arguing that the court lost jurisdiction because the prosecutor failed to bring him to trial within 180 days as required by MCL 780.131; MSA 28.969(1). We affirm.

Several panels of this Court have held that an unconditional guilty plea waives review of a claim that constitutional or statutory speedy trial rights were denied. *People v Eaton,* 184 Mich App 649; 459 NW2d 86 (1990); *People v Rivera,* 164 Mich App 670; 417 NW2d 569 (1987). Other panels have adopted the opposite view. *People v Sickles,* 162 Mich App 344; 412 NW2d 734 (1987).

We note that the issue whether an unconditional guilty plea waives review of a claim that the 180-day rule was violated was recently before our Supreme Court. *People v Smith,* 438 Mich 715; 475 NW2d 333 (1991). A two-judge majority in *People v Smith,* 183 Mich App 537; 455 NW2d 719 (1990), had agreed with the view that a claim that the 180-day rule was violated is not waived by a guilty plea and reversed the defendant's conviction, holding that the 180-day rule applied and had been violated. The prosecution appealed.

In a plurality opinion, Justices LEVIN, GRIFFIN, MALLETT, BOYLE, and RILEY agreed that the 180-day rule did not apply in that case. The decision of the Court of Appeals was reversed, and the defendant's conviction was reinstated. Justice LEVIN, writing the lead opinion, declined to address the issue whether an unconditional guilty plea waived review of a claim that the defendant's constitu-

tional right to a speedy trial was violated and did not address the issue whether an unconditional guilty plea waives review of a claim that the 180-day rule was violated. Justice BRICKLEY, in a dissenting opinion joined by Chief Justice CAVANAGH, stated that the 180-day rule applied and that an unconditional guilty plea waives review of a constitutional speedy trial claim, but does not waive review of a claim that the 180-day rule was violated. Writing separately, Justice BOYLE, joined by Justices GRIFFIN and RILEY, agreed with Justice LEVIN that the 180-day rule did not apply in the case, and with Justice BRICKLEY that an unconditional guilty plea waives review of a constitutional speedy trial claim. Justice BOYLE wrote separately to express the view that an unconditional guilty plea waives review of a claim that the 180-day rule was violated.

We agree with the view expressed by Justice BOYLE and in *Eaton, supra,* and hold that, by entering an unconditional plea of nolo contendere,[1] defendant waived review of a claim that the 180-day rule was violated.

Affirmed.

MICHAEL J. KELLY, P.J., concurred.

CAVANAGH, J. *(dissenting).* I respectfully dissent because I am firmly convinced that a speedy trial issue, particularly one based on the 180-day rule, does not relate to the state's capacity to prove a defendant's factual guilt but instead goes more to the state's right to bring a defendant to trial. Nothing in *People v Smith,* 438 Mich 715; 475 NW2d 333 (1991), compels a change in my position when a violation of the 180-day rule has been claimed.

---

[1] A plea of nolo contendere has the same effect as a plea of guilty upon a defendant's ability to raise issues on appeal. *People v New,* 427 Mich 482, 493; 398 NW2d 358 (1986).