PEOPLE v VONINS (AFTER REMAND)

Docket No. 142782. Submitted November 9, 1993, at Detroit. Decided
December 29, 1993, at 9:15 A.M. Leave to appeal sought.

Joseph J. Vonins pleaded guilty in the Ottawa Circuit Court,
Calvin L. Bosman, J., of possession with intent to deliver less
than fifty grams of cocaine. The court accepted the plea, which
was entered pursuant to an agreement whereby an enhance-
ment count under MCL 333.7413; MSA 14.15(7413), based on
the defendant's earlier conviction of possession of cocaine, was
to be dismissed. The defendant was sentenced to five to twenty
years' imprisonment. He appealed, and the Court of Appeals
remanded to the trial court in an order entered on April 30,
1993 (Docket No. 142782). On remand, the court denied the
defendant's motion to withdraw his plea, based on his claim of
ineffective assistance of counsel, or for resentencing because of
alleged improper scoring of the sentencing guidelines.

After remand, the Court of Appeals *held:*

1. Issues that relate solely to the state's capacity to prove
factual guilt are waived by an unconditional guilty plea. The
defendant may not now circumvent his accurate, voluntary,
and understanding guilty plea, which necessarily involves a
waiver of a claim that the trial court erred in failing to
suppress evidence, by claiming that defense counsel was ineffec-
tive in that he failed to appeal the court's denial of the
defendant's motion to suppress evidence or to preserve the
issue by obtaining a conditional plea. The claim of ineffective
assistance of counsel relating to those actions was waived by
the unconditional guilty plea.

2. The trial court properly assessed ten points under Prior
Record Variable 2 for one prior low-severity felony conviction
and fifteen points under Prior Record Variable 6 because the
defendant was on parole status, arising from the same low-

REFERENCES
Am Jur 2d, Appeal and Error § 271; Criminal Law §§ 490, 525, 527.
See ALR Index under Guilty Plea; Sentence and Punishment.

severity felony conviction, at the time he committed the present offense.

3. The sentence was within the guidelines' range and proportionate.

Affirmed.

1. Criminal Law — Appeal — Guilty Pleas — Assistance of Counsel.

Issues that relate solely to the state's capacity to prove factual guilt, such as whether the court erred in failing to suppress evidence or defense counsel was ineffective in failing to appeal the court's denial or to preserve the issue by obtaining a conditional plea, are waived by an unconditional guilty plea; where the alleged deficient actions of defense counsel relate to issues that are waived by a valid unconditional guilty plea, a claim of ineffective assistance of counsel relating to those actions also is waived.

2. Sentences — Sentencing Guidelines — Prior Record Variables.

The scoring of points under both Prior Record Variable 2, for a prior low-severity felony conviction, and under Prior Record Variable 6, because the defendant was on parole status arising from the same prior low-severity felony conviction at the time of the present offense, is permissible.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Ronald J. Frantz,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

#### AFTER REMAND

Before: BRENNAN, P.J., and REILLY and R. J. DANHOF,* JJ.

REILLY, J. Defendant appeals as of right his conviction of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv);

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

MSA 14.15(7401)(2)(a)(iv), and his sentence of five to twenty years of imprisonment.[1] We affirm.

Defendant's conviction was the result of an unconditional guilty plea entered pursuant to an agreement whereby an enhancement count under MCL 333.7413; MSA 14.15(7413), based on defendant's earlier conviction of possession of drugs, was dismissed. Defendant's appeal does not rest upon a claim that he was denied effective assistance of counsel at his plea hearing or that his plea was not accurate, or was made involuntarily or without understanding. See *In re Oakland Co Prosecutor,* 191 Mich App 113; 477 NW2d 455 (1991). Rather, defendant claims that his conviction should be set aside because his trial counsel was ineffective when he failed to pursue an interlocutory appeal from an order denying his motion to quash, or to obtain an agreement for entry of a guilty plea conditioned on preservation of the suppression issue. That argument is without merit.

Issues that relate solely to the state's capacity to prove factual guilt are waived by an unconditional guilty plea. *People v New,* 427 Mich 482, 493-494; 398 NW2d 358 (1986). Therefore, a claim that the trial court erred in failing to suppress evidence is waived. *Id.* Defendant may not now circumvent his accurate, voluntary, and understanding unconditional guilty plea, which necessarily involves a waiver of such an error, by claiming that defense counsel was ineffective because he failed to appeal the trial court's denial of defendant's motion to suppress or to preserve the issue by obtaining a

---

[1] Defendant preserved his issues for appeal when, on remand pursuant to the order of this Court entered on April 30, 1993, Docket No. 142782, he moved to withdraw his plea on the basis of his claim of ineffective assistance of counsel, or for resentencing because of improper scoring. Following a hearing on remand, the trial court denied defendant's motion.

conditional plea. Where the alleged deficient actions of defense counsel relate to issues that are waived by a valid unconditional guilty plea, the claim of ineffective assistance of counsel relating to those actions is also waived. *People v Nunn,* 173 Mich App 56, 58; 433 NW2d 331 (1988).[2]

Defendant also contends that the trial court impermissibly assessed points under two prior record variables that overlap, thereby unfairly scoring twice for the same prior conviction. We disagree. The trial court assessed ten points under Prior Record Variable (PRV) 2 for one prior low-severity felony conviction of possession with intent to deliver cocaine. Defendant was also assessed points under PRV 6 on the basis of his postconviction relationship to the justice system. Because defendant was on parole status, arising from the earlier conviction, at the time of the present offense, he was assessed fifteen points. Contrary to the dicta in *People v Williams,* 147 Mich App 1, 5; 382 NW2d 191 (1985), (decided while the first edition of the sentencing guidelines was in effect) we conclude that the scoring of points under both PRV 2 and 6 in the second edition of the guidelines is not impermissible "double counting."

PRV 2 and PRV 6 are presented in the guidelines as two separate categories addressing two different situations. PRV 2 provides for the assessment of points for every prior low-severity felony conviction, with an increase in the number of points in correlation to the number of such convictions. PRV 6 provides for the assessment of points if, at the time of the instant offense, the defendant had a relationship with the criminal justice system in-

---

[2] Even if defendant had not waived the claim of ineffective assistance of counsel by his valid, unconditional guilty plea, it is without merit. We have reviewed the record on remand and agree with the trial court that defendant was not denied effective assistance of counsel.

volving bail, bond, pretrial diversion, or the Holmes Youthful Trainee Act. Additional points are to be assessed under PRV 6 when there is a "post-conviction relationship," such as being on probation or parole when the instant offense was committed, or when the instant offense occurred within six months of termination of probation or parole.

Each variable is directed toward a different purpose. PRV 2 provides for points for each prior conviction. PRV 6 provides for points when the instant offense is committed while the defendant is subject to the criminal justice system. The former is concerned with the number of the defendant's prior convictions, the latter with the defendant's status in relation to the criminal justice system when the instant offense occurred. The trial court's assessment of points for both variables was proper.

Finally, we reject defendant's contention that the trial court abused its discretion in imposing a minimum sentence of five years of imprisonment. Having reviewed the record, we conclude that the sentence, which was within the guidelines, was proportionate, given defendant's background and the nature of the offense. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.