## PEOPLE v BORDASH

Docket No. 163671. Submitted August 1, 1994, at Grand Rapids. Decided December 6, 1994, at 9:00 A.M.

Laurie J. Bordash pleaded guilty in the Kent Circuit Court, Michael R. Smolenski, J., of drawing a check of $200 or more without sufficient funds. The defendant appealed, claiming that she was denied effective assistance of counsel because her court-appointed attorney advised her to offer an unconditional plea of guilty even though the prosecutor had not made a good-faith effort to bring her to trial within 180 days as required by MCR 6.004(D)(1)(a) and that she had not waived her constitutional right of a speedy trial.

The Court of Appeals *held:*

1. The guilty plea offered by the defendant was knowing and voluntary and was unconditional. The plea waived any claim arising out of the failure to satisfy the requirements of MCR 6.004(D)(1)(a). Administrative Order No. 1994-4 requires that the holding in *People v Vonins (After Remand),* 203 Mich App 173 (1993), be followed. Accordingly, the unconditional plea waived any claim of ineffective assistance of counsel that arose out of the underlying claim that was waived by the unconditional plea.

2. The unconditional guilty plea waived any claim of a denial of the constitutional right of a speedy trial.

Affirmed.

J. L. MARTLEW, J., concurring, stated that there is a need to resolve the question whether the failure to satisfy the 180-day requirement is a jurisdictional defect.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *David LaGrand,* Assistant Prosecuting Attorney, for the people.

*Kathleen M. Gaydos,* for the defendant on appeal.

Before: HOOD, P.J., and MARILYN KELLY and J. L.
MARTLEW,* JJ.

PER CURIAM. Defendant appeals as of right from
her conviction based on her guilty plea to a charge
of drawing a check over $200 without sufficient
funds. MCL 750.131(3)(c); MSA 28.326(3)(c). She
raises two issues on appeal. First, she claims inef-
fective assistance of counsel, because her court-
appointed attorney advised her to unconditionally
plead guilty, even though the prosecutor had al-
ready violated the 180-day rule in MCR 6.004(D)(1)
(a). She also contends that she did not waive her
right to a speedy trial. We affirm, but only for the
reasons set forth below.

When reviewing a claim of ineffective assistance
of counsel arising out of a guilty plea, our Court
must determine whether the defendant tendered a
plea voluntarily and understandingly. *In re Oak-
land Prosecutor,* 191 Mich App 113, 120; 477
NW2d 455 (1991). Our Court has also concluded
that a defendant waives review of a claim that the
180-day rule had been violated upon entry of an
unconditional guilty plea. *People v Irwin,* 192
Mich App 216, 218; 480 NW2d 611 (1991). Further-
more, our Court recently decided that a defendant
waives ineffective assistance claims by uncondi-
tionally pleading guilty where the issues relate
solely to the state's capacity to prove factual guilt.
*People v Vonins (After Remand),* 203 Mich App
173, 175; 511 NW2d 706 (1993). There, a panel of
our Court said:

> Where the alleged deficient actions of defense
> counsel relate to issues that are waived by a valid
> unconditional guilty plea, the claim of ineffective
> assistance of counsel relating to those actions is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

also waived. [*Vonins,* p 176, citing *People v Nunn,*
173 Mich App 56, 58; 433 NW2d 331 (1988).]

Having reviewed the record, we are persuaded
that defendant's guilty plea was essentially know-
ing and voluntary. Defendant indicated that she
wished to have all charges against her resolved. To
that end, she had contacted each county having an
outstanding warrant for her arrest. A sufficient
factual basis supported her guilty plea in this case.

However, we are not convinced that defendant's
guilty plea should stand. It seems obvious to us
that her attorney failed to advise her of the legal
effect of the 180-day rule violation in this case. We
cannot conceive that, otherwise, she would have
pleaded guilty to the charges against her. We do
not believe that counsel's error was trivial. The
enhanced punishment permitted by our habitual
offender statutes makes any felony conviction sig-
nificant in future criminal actions against the
party. We do not believe any defendant would
voluntarily waive dismissal of the charges against
him, unless his counsel was ineffective.

We acknowledge that, in numerous other in-
stances, waiver of a supplemental claim of ineffec-
tive assistance is proper when a defendant waives
an underlying issue by an unconditional guilty
plea. A defendant and defense counsel are not
permitted to harbor error and create an appellate
parachute. But no such advantage accrues to a
defendant if his attorney refrains from advising
that the 180-day rule has been violated.

Notwithstanding our persuasion, pursuant to
Administrative Order No. 1994-4, we are bound to
follow *Vonins, supra.* Consequently, we rule that
entry of defendant's unconditional guilty plea
waived any claim of a 180-day rule violation; she
cannot raise a supplemental ineffective assistance

of counsel claim based on defense counsel's failure to pursue the rule violation.

Defendant has waived a claim that her constitutional right to a speedy trial was violated. Entry of her unconditional guilty plea made voluntarily and knowingly clearly waived further review of it. *Irwin,* p 218.

Affirmed.

J. L. MARTLEW, J., *(concurring).* I agree with the reasoning of the majority. I write a separate concurrence only because I have read *People v Smith,* 438 Mich 715; 475 NW2d 333 (1991), several times and still don't know whether violation of the 180-day rule is a jurisdictional defect. See *People v New,* 427 Mich 482, 492; 398 NW2d 358 (1986), and *People v Irwin,* 192 Mich App 216, 218; 480 NW2d 611 (1991). I think that question needs to be resolved before the issues raised by this defendant can be decided with finality.