# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 21, 2016

Plaintiff-Appellee,

v

No. 327249
Kent Circuit Court

PAUL EDWARD WHITE,

LC Nos. 14-004293-FC
14-004922-FC

Defendant-Appellant.

14-006221-FH

Before: MURRAY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Defendant Paul Edward White appeals by leave granted[1] his guilty-plea convictions of two counts of armed robbery, MCL 750.529, in lower court numbers 14-004293-FC and 14-004922-FC, and bribing, intimidating, or interfering with a witness in a criminal case (witness bribing), MCL 750.122(7)(b), in lower court number 14-006221-FH. We affirm.

Defendant first challenges the trial court's denial of his motion to withdraw his guilty pleas on the basis that his pleas were involuntary. We review a trial court's decision regarding the withdrawal of a defendant's guilty plea for an abuse of discretion. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). "There is no absolute right to withdraw a guilty plea once it has been accepted by the trial court." *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). A defendant seeking to withdraw his plea after sentencing must demonstrate that there was a defect in the plea-taking process. *Brown*, 492 Mich at 693. "[W]hen a plea is entered in accordance with the applicable court rules, a trial court is barred from considering testimony or affidavits inconsistent with statements made during the plea hearing." *People v White*, 307 Mich App 425, 430; 862 NW2d 1 (2014).

Defendant's only claim of error related to the plea-taking process is his claim that his plea was coerced. After reviewing the record, the trial court expressly followed the plea-taking requirements of MCR 6.302. Because the trial court followed the applicable court rules in

---

[1] This Court granted defendant's delayed application for leave to appeal on May 22, 2015. *People v White*, unpublished order of the Court of Appeals, entered June 17, 2015 (Docket No. 327249).

accepting defendant's pleas, it was "barred from considering testimony or affidavits inconsistent with statements made during the plea hearing." *White*, 307 Mich App at 430. Defendant's statements at the plea hearing unequivocally indicated that he was voluntarily and knowingly entering the guilty pleas. Conversely, in support of defendant's motion to withdraw his plea, he filed an affidavit in which he averred that defense counsel told him that his fiancée would go to prison if he did not plead guilty and that he wrote "TDC" next to his signature on the Advice of Rights forms for all three lower court files to indicate that he was under "threat, duress, and coercion." "TDC" was in fact written next to defendant's signatures on his advice of rights forms. However, the statements contained in the affidavit as well as the letters "TDC" were written after the valid pleas were entered and are inconsistent with defendant's sworn testimony; thus, the trial court did not abuse its discretion by denying defendant's motion to withdraw his guilty pleas on the basis of coercion.

Moreover, from the record it appears that defendant was harboring this error as an appellate parachute in the event that he did not like his sentence. *People v Pollick*, 448 Mich 376, 387; 531 NW2d 159 (1995) (citation and quotation omitted). And, it appears that defendant's request to withdraw his pleas was motivated by his sentences. Defendant admitted responsibility for his actions at the plea hearing and prior to the imposition of his sentence at the sentencing hearing, defendant accepted responsibility for his actions, apologized to the victims, and explained his motivation for the offenses. After the trial court announced defendant's sentences, defendant fell to the floor and required assistance. It was only after he heard his sentences that defendant challenged the voluntariness of his pleas. "[R]equests to withdraw pleas are generally regarded as frivolous where the circumstances indicate that the defendant's true motivation for moving to withdraw is a concern regarding sentencing." *People v Haynes*, 221 Mich App 551, 559; 562 NW2d 241 (1997). Therefore, the trial court did not abuse its discretion when it denied defendant's motion to withdraw his pleas. *Brown*, 492 Mich at 688.

Defendant next argues that defense counsel was ineffective for not disclosing the alleged coercion at the time of defendant's pleas. We disagree. Because no evidentiary hearing was ever held on this issue, we review it for mistakes apparent on the record. *People v Scott*, 275 Mich App 521, 526; 739 NW2d 702 (2007). To establish ineffective assistance of counsel, defendant must show:

> (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. [*People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), citing *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011).]

Defendant bears the burden of establishing the factual predicate for his ineffective assistance of counsel claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). "When ineffective assistance of counsel is claimed in the context of a guilty plea, the relevant inquiry is whether the defendant tendered the plea voluntarily and understandingly." *White*, 307 Mich App at 431.

Again, defendant supports this claim with his own affidavit that contradicts his sworn testimony at the plea hearing. Defendant's "contradictory affidavit is insufficient to contradict [his] sworn testimony in open court." *White*, 307 Mich App at 432. The record indicates that

defendant knowingly and voluntarily pleaded guilty to the three crimes. Defendant stated numerous times on the record that he was not threatened into pleading guilty and that the plea agreement as stated on the record was the only promise that had been made to him. Therefore, defense counsel was not ineffective for failing to discuss alleged coercion with regard to defendant's guilty pleas. *Id*. at 431.

Defendant also briefly asserts that in the alternative this Court should remand for an evidentiary hearing on the voluntariness of his pleas and the effectiveness of defense counsel at the plea hearing. Given that the lower court would be barred from considering testimony or affidavits inconsistent with defendant's statements at the plea hearing, which unequivocally indicates that defendant's pleas were knowing and voluntary, remand for an evidentiary hearing is not warranted. *Id*. at 430.

Defendant next argues that defense counsel was ineffective for failing to move to suppress a letter by defendant to his fiancée that was the basis of his witness bribing charge. Defendant has waived this issue. When defendants plead guilty to their charges, they make the issue of factual guilt "irrelevant," and a voluntary and intelligent plea conclusively resolves the issue of the defendant's factual guilt in favor of the prosecution. *People v New*, 427 Mich 482, 494; 398 NW2d 358 (1986). When a defendant claims an error that "relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea," and thus, the claims are waived *Id.* at 491. Similarly, claims that defense counsel was ineffective on grounds that are subsumed by a defendant's guilty plea are also waived. *People v Vonins (After Remand)*, 203 Mich App 173, 176; 511 NW2d 706 (1993).

In this case, when defendant admitted to bribing a witness during the plea proceeding, defendant resolved his factual guilt on the charge in favor of the prosecution. *New*, 427 Mich at 494. Defendant's evidentiary claim relating to a letter that supported his witness bribing charge "relates solely to the capacity of the state to prove defendant's factual guilt," and, therefore, this issue was waived. *Id.* at 491. Because defendant's "alleged deficient action of defense counsel relate[s] to" an issue waived by his unconditional guilty plea, defendant's claim of ineffective assistance of counsel is also waived. *Vonins (After Remand)*, 203 Mich App at 175.

Defendant also raises one issue in his Standard 4 brief on appeal.[2] Defendant argues that the trial court abused its discretion by denying defendant's motion for a new attorney and that he

---

[2] We note that defendant raised another issue in his filed in propria persona brief in support of his delayed application for leave to appeal, arguing that defense counsel was ineffective for failing to challenge his fourth-habitual offender status as an ex post facto law and that his plea was illusory. Defendant did not thereafter raise this issue in his brief on appeal or his standard 4 brief. Thus, the issue is not properly before this Court, MCR 7.212(C)(5) (Appellant's brief must contain a statement of questions involved, and each question must be numbered separately). The prosecutor nevertheless addressed this issue and defendant rebutted the issue in his reply brief. However, a defendant may not raise an issue in a reply brief. *Blazer Foods, Inc v Restaurant Properties, Inc,* 259 Mich App 241, 252; 673 NW2d 805 (2003). Thus, we decline to address the issue.

was denied counsel at a "critical stage." We review a trial court's decision on a motion for substitute counsel for an abuse of discretion. *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001), citing *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991). We review whether a defendant was denied counsel at a critical stage de novo. *People v Powell*, 303 Mich App 271, 274; 842 NW2d 538 (2013).

When an accused is facing incarceration, the Sixth Amendment, applicable to the states through the Fourteenth Amendment, protects his right to counsel at all critical stages of the criminal proceeding. *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004). "[A] total or complete deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal." *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005). The pretrial stage is a critical stage because it involves counsel's duty to investigate the case. *People v Dixon*, 263 Mich App 393, 397; 688 NW2d 308 (2004). The record does not support, however, that there was a complete deprivation of the right to counsel during this critical stage. Rather, it indicates that defense counsel actively worked on discovery matters, met with and advised defendant during the pretrial stages of his cases, and attended the status conference. From this record, it is clear that defense counsel met his constitutional burden to adequately investigate the case during the pretrial stages of the proceeding. *Id.*

Defendant also argues that the trial court abused its discretion by denying his motion for substitute counsel. We disagree. "Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process." *Traylor*, 245 Mich App at 462 (quotation and citation omitted). When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record." *People v Bauder*, 269 Mich App 174, 193; 712 NW2d 506 (2005), overruled on other grounds *People v Burns*, 494 Mich 104; 832 NW2d 738 (2013), citing *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973).

On appeal, defendant asserts that the trial court failed to inquire into his motion for substitute counsel. We disagree. The trial court expressly asked defendant to state his reasons on the record. Therefore, the trial court adequately inquired into defendant's claim. *Strickland*, 293 Mich App at 397. Additionally, defendant's claims as to why he was entitled to substitute counsel along with the prosecution's response to defendant's motion did not create a factual dispute that would have required the trial court to take testimony and state its findings and conclusions on the record. *Bauder*, 494 Mich App at 193.

Even more, defendant's reasons supporting his request to remove defense counsel did not constitute good cause. Good cause exists where "legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic," *id.*, "a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest," *People v McFall*, 309 Mich App 377, 383; 873 NW2d 112 (2015). "A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause," and "[l]ikewise, a defendant's general unhappiness with counsel's representation is insufficient." *People v Strickland*, 293 Mich App 393, 398; 810 NW2d 660 (2011). Defendant first argued that defense counsel told him that the prosecution and the trial court were seeking to give him a long sentence. The prosecution agreed that it was in

-4-

fact seeking to incarcerate defendant for a long time. Thus, defense counsel informed defendant of relevant and important information related to the possible outcomes of the case, which indicates that defense counsel was informed of and involved with defendant's case. Defendant's counsel was acting appropriately in providing candid advice to defendant. See MRPC 2.1. Nothing on the record indicates that this statement by defense counsel was "good cause" to remove him.

Defendant next argues that defense counsel coerced him into waiving his preliminary examination by stating that if defendant did not do so the prosecution would be mad and make an example out of defendant. For each of the three lower court case files, defendant signed an examination waiver that indicated that he was voluntarily waiving his rights to a preliminary examination. There is no evidence in the lower court records that defense counsel made the statement defendant now attributes to him. Moreover, even if he had advised defendant to waive preliminary examination, such an action is a matter of trial strategy, and matters that fall into the realm of trial strategy do not constitute good cause for the purposes of motions for substitute counsel. *Traylor*, 245 Mich App at 460.

Defendant's third argument was that defense counsel failed to respond to defendant and defendant's family's requests for defense counsel to meet with defendant. It is clear from defendant's first two claims supporting his motion for substitute counsel that defendant and defense counsel met at least once, if not more, and that they discussed the charges against defendant, his previous convictions, the outlook of his cases, and at least one of the preliminary examinations. General unhappiness with defense counsel's communication with defendant or defendant's family is not sufficient for good cause. See *Strickland*, 293 Mich App at 398.

Apart from defendant's three claims, the record indicates that defense counsel was attentive to defendant's cases. This Court will not set aside a conviction unless the record shows that defense counsel was in fact inattentive to his responsibilities to the defendant. *Buie*, 298 Mich App at 67. Nothing in the record indicates that defense counsel was inattentive to his responsibilities to defendant. *Id*. Therefore, the trial court did not abuse its discretion when it denied defendant's motion for substitute counsel.

Affirmed.


/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Patrick M. Meter

-5-