# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JORY JOSEPH HANNAN,

        Defendant-Appellant.

UNPUBLISHED
November 8, 2016

No. 329579
Oakland Circuit Court
LC No. 2014-250429-FH

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Defendant appeals by leave granted his plea-based convictions of manufacturing 20 or more but fewer than 200 marijuana plants, MCL 333.7401(2)(d)(*ii*), and possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), and the denial of his motion to withdraw his plea before sentencing. Defendant was sentenced to two years' probation. We affirm.

Defendant pleaded no contest to the charges and argues on appeal that the trial court erred in denying his motion to withdraw his plea as involuntary because his prior counsel failed to inform him before he entered the plea of a potential defense under MCL 333.26428 (§ 8) of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, and potential immunity under MCL 333.26424 (§ 4). "When a defendant moves to withdraw his guilty plea before sentencing, the burden is on the defendant to establish a fair and just reason for withdrawal of the plea." *People v Harris*, 224 Mich App 130, 131; 568 NW2d 149 (1997). This Court reviews a trial court's ruling on a motion to withdraw a plea for an abuse of discretion. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). An abuse of discretion occurs when a decision "results in an outcome falling outside the range of principled outcomes." *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011).

Section 8 of the MMMA gives a patient or primary caregiver, even if not registered with the state, the ability to present an affirmative defense to a marijuana-related offense. *People v Hartwick*, 498 Mich 192, 226; 870 NW2d 37 (2015). MCL 333.26428(a) provides:

> Except as provided in section 7(b), a patient and a patient's primary caregiver, if any, may assert the medical purpose for using marihuana as a defense to any prosecution involving marihuana, and this defense shall be presumed valid where the evidence shows that:

(1) A physician has stated that, in the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition;

(2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marihuana that was not more than was reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition; and

(3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana or paraphernalia relating to the use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition.

Defendant waived any possible § 8 affirmative defenses and related ineffective-assistance-of-counsel claims by pleading no contest. Although a guilty plea does not waive every claim, it does waive the defenses and rights relating solely to the state's ability to prove the defendant's factual guilt. *People v Johnson*, 207 Mich App 263, 264; 523 NW2d 655 (1994); *People v Vonins (After Remand)*, 203 Mich App 173, 175; 511 NW2d 706 (1993). The Michigan Supreme Court has held:

Since a plea of nolo contendere indicates that a defendant does not wish to contest his factual guilt, any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed by, a plea of nolo contendere. Hence, we hold that a plea of nolo contendere has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to prosecute a defendant may be raised on appeal after entry of a plea of nolo contendere. [*People v New*, 427 Mich 482, 493; 398 NW2d 358 (1986*).*]

Because a § 8 defense relates to a defendant's factual guilt and the state's ability to prove that guilt, it was waived by defendant's plea of no contest. *Id*. at 495-496. Defendant's ineffective-

assistance-of-counsel claim based on his counsel's failure to assert a § 8 defense was also waived by his plea. *Vonins (After Remand)*, 203 Mich App at 175.[1]

On the other hand, a claim on appeal that "implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged," is not waived by a plea of guilty or no contest. *New*, 427 Mich at 495. Because the immunity granted under § 4 of the MMMA challenges the government's right to prosecute a defendant, it is not the type of defense that is waived by entering a plea. See, generally, *id*. at 495-496. Accordingly, a § 4 defense and corresponding ineffective-assistance-of-counsel claim were not waived by defendant's plea.

Defendant claims that he was never informed by his prior counsel of his potential immunity under § 4 before he entered his plea. Section 4 grants qualifying marijuana patients and primary caregivers broad immunity from criminal prosecution and civil penalties. *Hartwick*, 498 Mich at 210. Although defendant has not waived this argument by pleading no contest, the record does not show that he was entitled to § 4 immunity.

MCL 333.26424 provides, in pertinent part:

> (a) A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner . . . for the medical use of marihuana in accordance with this act, provided that the qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana, and, if the qualifying patient has not specified that a primary caregiver will be allowed under state law to cultivate marihuana for the qualifying patient, 12 marihuana plants kept in an enclosed, locked facility. Any incidental amount of seeds, stalks, and unusable roots shall also be allowed under state law and shall not be included in this amount. The privilege from arrest under this subsection applies only if the qualifying patient presents both his or her registry identification card and a valid driver license or government-issued identification card that bears a photographic image of the qualifying patient.

> \* \* \*

> (i) A person shall not be subject to arrest, prosecution, or penalty in any manner . . . solely for being in the presence or vicinity of the medical use of marihuana in accordance with this act, or for assisting a registered qualifying patient with using or administering marihuana.

To qualify for immunity under § 4, a defendant must prove by a preponderance of the evidence that, at the time of the charged offense,

---

[1] At any rate, the record does not show that defendant had a viable § 8 defense.

he or she (1) possessed a valid registry identification card; (2) possessed no more marijuana than allowed under § 4(a); (3) stored any marijuana plants in an enclosed, locked facility; and (4) was engaged in the medical use of marijuana. If the qualifying patient establishes the first and second elements, then a presumption exists that the qualifying patient was engaged in the medical use of marijuana, thereby establishing the fourth element. [*Hartwick*, 498 Mich at 221.]

In this case, there is no evidence on the record that defendant possessed a medical marijuana registry identification card. He was found to possess 54 grams of marijuana in his home, as well as 24 marijuana plants, 12.15 pounds of bagged marijuana, and 371.5 grams of marijuana in jars in his warehouse—much more than the 12 plants and 2.5 ounces of usable marijuana permitted. No evidence was presented that the marijuana in defendant's home or warehouse was kept in an "enclosed, locked facility." MCL 333.26423(d). Indeed, nothing indicates that the 54 grams of marijuana found in defendant's dresser was in such a facility. Further, although the door to the warehouse housing defendant's other marijuana was locked and officers used defendant's key to enter, the marijuana was found in various unlocked locations within the building. See, generally, *People v Danto*, 294 Mich App 596; 822 NW2d 600 (2011). There is no evidence that those locations could only be accessed by defendant. See MCL 333.26423(d).

Defendant claims that the 12.15 pounds of marijuana found in lawn bags in his warehouse was not "usable marihuana" as defined by the MMMA. "'Usable marihuana' means the dried leaves and flowers of the marihuana plant, and any mixture or preparation thereof, but does not include the seeds, stalks, and roots of the plant." MCL 333.26423(k). However, even without including the 12.15 pounds of marijuana, the marijuana found at defendant's home and warehouse places defendant over the allowed amount of usable marijuana under § 4. Thus, defendant still fails to qualify for § 4 immunity.

Defendant also claims that he is entitled to immunity under subsection § 4(i) because some of the marijuana plants found at his warehouse belonged to a third party. However, the record refutes this claim. Although defendant had told officers that he had a partner at one time, he also admitted that he himself became the "sole operator" of the warehouse operation after January 2014. At any rate, even if not all of the marijuana found in the warehouse belonged to him, defendant would still not qualify for § 4(i) immunity because he still possessed the marijuana that he claims did not belong to him. A person possesses marijuana under the MMMA by exercising dominion and control over it. *People v Bylsma*, 493 Mich 17, 21-22, 31; 825 NW2d 543 (2012) (holding that the defendant was not entitled to § 4 immunity because he exercised dominion and control over all of the marijuana in a leased warehouse). Additionally, the 54 grams of marijuana found in defendant's home was clearly his and that amount alone made him ineligible to assert § 4(i) immunity.

Defendant has also not established that he was denied the effective assistance of counsel. "When there has been no evidentiary hearing and no findings of fact by the trial court, this Court reviews de novo the entire record to determine whether the defendant's trial counsel's representation constituted the ineffective assistance of counsel." *People v Rose*, 289 Mich App 499, 524; 808 NW2d 301 (2010). To support a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of

reasonableness, and that there is a reasonable probability that counsel's deficient performance prejudiced the defendant. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994).

Reviewing the entire record, we are not persuaded that defendant's counsel's representation was ineffective or that counsel failed to inform defendant about any applicable defenses or immunities to the charges against him. At the time that defendant entered his plea, his then-counsel stated, "we're now satisfied that all legal avenues that we wanted to pursue have been pursued." A further indication that all legal avenues had been pursued is that defendant pleaded no contest to avoid possible civil liability from a forfeiture action. Also, "[f]ailing to advance a meritless argument . . . does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Accordingly, defendant has not established a reasonable probability that, if his prior counsel had informed him about § 4 immunity, he would not have entered a plea and would have instead chosen to have a trial. *Padilla v Kentucky*, 559 US 356, 372; 130 S Ct 1473; 176 L Ed 2d 284 (2010); *Hill v Lockhart*, 474 US 52, 59; 106 S Ct 366; 88 L Ed 2d 203 (1985).

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter