# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 25, 2017

150815

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

TIMOTHY WADE HORTON,
      Defendant-Appellant.

_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

SC: 150815
COA: 324071
Oakland CC: 2013-247924-FH

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we REMAND this case to the Court of Appeals for consideration as on leave granted. We overrule *People v Vonins (After Remand)*, 203 Mich App 173, 175-176 (1993), and *People v Bordash*, 208 Mich App 1 (1994), to the extent that they are inconsistent with *Hill v Lockhart*, 474 US 52, 56-57 (1985). A defendant who has entered a plea does not waive his opportunity to attack the voluntary and intelligent character of the plea by arguing that his or her counsel provided ineffective assistance during the plea bargaining process. *Hill*, 474 US at 56-57. On remand, the Court of Appeals shall consider: (1) whether a speedy-trial claim is "nonjurisdictional" as defined by *People v New*, 427 Mich 482 (1986); (2) if not, whether, by entering a plea of no-contest, the defendant waived his right to argue that his counsel was ineffective for failing to assert his constitutional right to a speedy trial before he entered his plea, see e.g., *Washington v Sobina*, 475 F3d 162, 166 (CA 3, 2007); *United States v Pickett*, 941 F2d 411, 416-417 (CA 6, 1991); and (3) whether the defendant's no-contest plea was involuntarily entered based on his claim that his counsel provided ineffective assistance when counsel failed to advise the defendant during the plea proceedings that he would waive his right to raise his speedy-trial claim on appeal, see *Hill*, 474 US at 58-59 (holding that *Strickland v Washington*, 466 US 668 (1984), applies to a claim alleging ineffective assistance of counsel during the plea-bargaining process); *Lee v United States*, 582 US ___ (2017) (Docket No. 16-327) (holding that a defendant was prejudiced by his counsel's failure to advise him of the deportation consequences of his plea, despite his failure to identify a meritorious defense that he would have raised at trial).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 25, 2017



Clerk

t0703