PEOPLE v DEPIFANIO

Docket No. 138867. Submitted November 13, 1991, at Detroit. Decided December 17, 1991, at 9:05 A.M.

Duane W. Depifanio was convicted in the Macomb Circuit Court, Frederick D. Balkwill, J., of delivery of marijuana after tendering an unconditional plea of guilty. He appealed, claiming that his right to a speedy trial, as secured by the United States Constitution, the Michigan Constitution, and MCL 768.1; MSA 28.1024, was violated.

The Court of Appeals *held:*

A defendant who unconditionally pleads guilty waives the right to a speedy trial under the federal and state constitutions and MCL 768.1; MSA 28.1024.

Affirmed.

*Salvatore D. Palombo,* for the defendant.

Before: SAWYER, P.J., and HOOD and REILLY, JJ.

PER CURIAM. Defendant pleaded guilty of delivery of marijuana. MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). He was sentenced to two years' probation, with the first six months to be served while wearing an electronic tether. He now appeals and we affirm.

Defendant's sole argument on appeal is that he was denied his constitutional and statutory rights to a speedy trial. However, defendant tendered an unconditional plea of guilty, and an unconditional guilty plea waives a claim of violation of federal and Michigan constitutional rights to a speedy trial. US Const, Am VI; Const 1963, art 1, § 20. *People v Smith,* 438 Mich 715; 475 NW2d 333 (1991) (concurring opinion of BOYLE, J., p 719, and dissenting opinion of BRICKLEY, J., p 730). Further-

more, for the same reasons that a claim of a violation of the constitutional right to a speedy trial is waived by an unconditional guilty plea, so is a claim of a violation of the statutory right to a speedy trial contained in MCL 768.1; MSA 28.1024, which we construe as merely enforcing the constitutional right to a speedy trial.[1] Accordingly, we conclude that defendant waived appellate review of the issue presented on appeal when he tendered an unconditional guilty plea.

Affirmed.

---

[1] It should be noted that this statute is different than the statute that establishes the 180-day rule, MCL 780.131; MSA 28.969(1), which was at issue in *Smith, supra,* and which the Supreme Court did not conclude was waived by an unconditional guilty plea.