PEOPLE v SCOTT

Docket No. 266280. Submitted March 13, 2007, at Detroit. Decided
    March 29, 2007. Approved for publication May 15, 2007, at 9:10
    a.m. Leave to appeal denied, 480 Mich ___.

  Clarence D. Scott pleaded guilty in the Wayne Circuit Court, Vonda
    R. Evans, J., of second-degree murder and possession of a firearm
    during the commission of a felony. Before he pleaded guilty, the
    defendant had obtained from a federal district court a conditional
    writ of habeas corpus, which vacated convictions of first-degree
    premeditated murder and felony-firearm and ordered his release
    from custody if not retried within 90 days. The proceedings that
    led to the defendant's guilty plea were not initiated within this
    90-day period. The defendant appealed.

      The Court of Appeals *held*:

      1. The defendant has failed to demonstrate plain error that
    requires relief with his claim that the state was without jurisdic-
    tion to retry him because he was not brought for trial within the
    period set by the conditional writ. The defendant did not cite any
    authority that, in the absence of a federal court order barring
    retrial, the state lost jurisdiction to retry him. The defendant's
    ability to mount a defense was not affected by the delay in
    initiating proceedings for a new trial.

      2. By pleading guilty, the defendant has waived his speedy-trial
    claim.

      3. The defendant's claim that the state violated the principle of
    double jeopardy by reinstating the charge of felony murder is
    unpreserved for appeal and thus is subject to review for plain error.
    To avoid forfeiture, the defendant needed to show, but did not, that
    the asserted error was outcome-determinative. To warrant rever-
    sal, the error must have resulted, but did not in this case, in the
    conviction of an innocent defendant or seriously affected, but did
    not in this case, the fairness, integrity, or public reputation of the
    judicial proceedings.

      4. Because the defendant failed to show outcome-
    determinative error regarding his jurisdictional and double-

jeopardy claims, he cannot establish that trial counsel rendered ineffective assistance by failing to raise these issues below.

Affirmed.

HABEAS CORPUS — CONDITIONAL WRITS — DELAYED RETRIALS.

A conditional grant by a federal district court of a writ of habeas corpus to a person imprisoned for a conviction under state law requires the person's release from custody if new proceedings are not commenced by the state within the prescribed period; in a case in which a prisoner is released because the state failed to retry the prisoner by the deadline set in the conditional writ, the state is not precluded from rearresting that person and retrying the person under the same indictment, unless there are extraordinary circumstances in which the state's delay prejudices the person's ability to defend himself or herself.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Thomas M. Chambers*, Assistant Prosecuting Attorney, for the people.

*Ronald D. Ambrose* for the defendant.

Before: JANSEN, P.J., and NEFF and HOEKSTRA, JJ.

PER CURIAM. Defendant appeals as of right his guilty plea convictions of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony, MCL 750.227b. Defendant was sentenced to serve 28 to 45 years' imprisonment for his second-degree murder conviction and a consecutive two years' imprisonment for his felony-firearm conviction. We affirm.

Defendant asserts that the state lost jurisdiction to retry him when it did not comply with a United States district court order conditionally granting a writ of habeas corpus. Because this issue was not raised below, our review is limited to a determination whether defen-

dant has demonstrated plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"A conditional grant of a writ of habeas corpus requires the petitioner's release from custody if new proceedings are not commenced by the state within the prescribed time period." *Fisher v Rose*, 757 F2d 789, 791 (CA 6, 1985). However, "[i]n a typical case in which a prisoner is released because a state fails to retry the prisoner by the deadline set in a conditional writ, 'the state is not precluded from rearresting [the] petitioner and retrying him under the same indictment,' " unless there are extraordinary circumstances in which the state's delay prejudices the petitioner's ability to defend himself. *Satterlee v Wolfenbarger*, 453 F3d 362, 370 (CA 6, 2006), quoting *Fisher, supra* at 791. Here, the federal district court's conditional habeas writ vacated defendant's prior convictions of first-degree premeditated murder and felony-firearm, and ordered that defendant be released from custody if he was not retried within 90 days. See *Scott v Bock*, 241 F Supp 2d 780 (ED Mich, 2003). It is not disputed that proceedings to retry defendant were not begun within this time. However, defendant has failed to cite any authority that, in the absence of a federal court order barring retrial, the state lost jurisdiction to retry him. Moreover, defendant does not allege, and we are unable to conclude, that his ability to mount a defense was affected by any delay in initiating proceedings for a new trial. *Satterlee, supra* at 370. Defendant has thus failed to demonstrate the plain error required for relief, i.e., that the state was without right or jurisdiction to retry him because he was not brought to trial within the period set by the conditional writ.[1] *Carines, supra*.

---

[1] To the extent defendant's argument can be understood to also assert that the trial court was without jurisdiction to hear this case, we note

Defendant also argues that he was denied his right to a speedy trial. However, by pleading guilty, defendant has waived this issue for appeal and we decline to address it. *People v Depifanio*, 192 Mich App 257, 257-258; 480 NW2d 616 (1991).

Defendant next argues that the state violated the principle of double jeopardy by reinstituting the charge of felony murder. We review this unpreserved double jeopardy challenge for plain error. *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005). To avoid forfeiture, defendant must show that there was plain error that affected his substantial rights, i.e., that the error was outcome-determinative. *Carines, supra* at 763. To warrant reversal, the error must result in the conviction of an innocent defendant or must seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 763-764.

Both the federal and state constitutions protect a defendant from being placed in jeopardy twice for the same offense. US Const, Am V; Const 1963, art 1, § 15. In the present case, defendant was originally convicted by jury of first-degree premeditated murder and first-degree felony murder. This Court, however, vacated defendant's felony murder conviction on direct appeal, *People v Collier*, unpublished opinion per curiam of the Court of Appeals, issued May 30, 1997 (Docket No. 184478), and the United States district court vacated defendant's first-degree murder conviction on habeas review, *Scott, supra*. Defendant was subsequently

---

that the circuit courts have original jurisdiction over all criminal cases involving felonies. See MCL 600.601. The trial court thus had subject-matter jurisdiction to hear this case. Moreover, any challenge to the trial court's personal jurisdiction over defendant was waived by defendant's guilty plea. See *People v Eaton*, 184 Mich App 649, 658; 459 NW2d 86 (1990) ("an unconditional plea of guilty relinquishes all personal jurisdiction defects").

charged with first-degree premeditated murder and first-degree felony murder. Defendant claims that his right against double jeopardy was violated because he was re-arraigned on the original first-degree felony murder offense in addition to the first-degree premeditated murder offense. However, he has failed to show how this amounted to plain error affecting his substantial rights.

As noted, defendant's convictions arose from his plea of guilty of the offenses of second-degree murder and felony firearm. Defendant has failed to assert or otherwise show how his pleas to these charges were affected by the alleged error in arraigning him on both felony murder and premeditated murder charges. Thus, even assuming that double jeopardy applied to bar a subsequent prosecution for felony murder, defendant has failed to demonstrate the outcome-determinative error necessary for relief from this unpreserved claim. *Carines, supra* at 763. Moreover, at the plea hearing, defendant acknowledged having shot and killed the victim during the course of a robbery. Thus, even were defendant to show that the error was outcome-determinative, reversal would not be warranted because the error would not have resulted in the conviction of an actually innocent defendant and would not have affected the fairness, integrity, or public reputation of the proceedings. *Id.* at 763-764.

Defendant next argues that he was denied the effective assistance of counsel because defense counsel failed to contest the state's jurisdiction to retry him, assert his right to a speedy trial, or raise the issue of double jeopardy. However, defendant's guilty plea waived this issue with respect to defendant's speedy trial claim.[2] *People v Vonins (After Remand)*, 203 Mich App 173, 176;

---

[2] See also n 1, *supra*.

511 NW2d 706 (1993) ("[w]here the alleged deficient actions of defense counsel relate to issues that are waived by a valid unconditional guilty plea, the claim of ineffective assistance of counsel relating to those actions is also waived"). Therefore, we will only review this issue as it relates to defendant's jurisdictional and double jeopardy claims. Because an evidentiary hearing on defendant's claims of ineffective assistance has not been held, this Court's review is limited to mistakes apparent on the record. See *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002). Whether the facts in the record suggest that defendant was deprived of his right to the effective assistance of counsel presents a question of constitutional law that this Court reviews de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

The United States and Michigan constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. "To establish ineffective assistance of counsel, a defendant must show that counsel's performance was below an objective standard of reasonableness under prevailing professional norms and there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995).

As we have noted, defendant failed to show outcome-determinative error regarding his jurisdictional and double-jeopardy claims. Consequently, he likewise cannot establish that, but for his counsel's alleged error in failing to raise these issues below, the results of the proceedings would have been different.

Affirmed.