*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID KENNETH RENTSCH,

        Defendant-Appellant.

UNPUBLISHED
September 10, 2019

No. 344059
Livingston Circuit Court
LC Nos. 13-021213-FC;
        13-021292-FC

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying resentencing following a *Crosby*[1] remand. We affirm.

Defendant was convicted of two counts of armed robbery. MCL 750.529. On May 8, 2014, the trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 37 to 75 years of imprisonment for each conviction. On appeal, this Court affirmed defendant's convictions and sentences.[2] Following our decision, our Supreme Court issued its opinion in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), which severed the legislative sentencing guidelines, MCL 777.1 *et seq*, to the extent that they were mandatory and struck "down the requirement of a substantial and compelling reason to depart from the guidelines range." *Lockridge*, 498 Mich at 391. Subsequently, our Supreme Court remanded this case to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*." *People v Rentsch*, 499 Mich 963, 963 (2016). Our Supreme Court denied leave to appeal in all other respects. *Id*. at 964. On remand, the trial court held a hearing to determine whether it would resentence defendant. The

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] *People v Rentsch*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2015 (Docket No. 321934).

-1-

trial court concluded that it would not have imposed a materially different sentence had it been aware that the sentencing guidelines were advisory and declined to resentence defendant. This appeal followed.

## I. SCOPE OF THE APPEAL

As an initial matter, we must note that this Court has already affirmed defendant's sentences, and the sole purpose of our Supreme Court's remand was for the trial court to determine whether it would have imposed a materially different sentence if the sentencing guidelines had been merely advisory at the time of defendant's sentencing. *Id.* "[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, *limited to the scope of remand*, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) (emphasis added); see also *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). Accordingly, because this Court has not granted defendant leave to bring any additional issues in this appeal, defendant's appeal is limited to determining whether the trial court properly followed the *Crosby* remand procedure when declining to resentence defendant. Defendant argues that the trial court's original sentence, which was not disturbed by the *Crosby* remand, was unreasonable, disproportionate to his crimes, cruel and unusual, and improperly based on judicial fact-finding.[3] We decline to address these arguments, however, because they are outside the scope of this appeal.

## II. THE *CROSBY* REMAND

Defendant does, however, raise two arguments within the scope of this appeal. First, defendant argues that the trial court did not follow the proper procedure on remand because it failed to consult with defense counsel before declining to resentence defendant. Second, and relatedly, defendant argues that defense counsel provided ineffective assistance on remand because defense counsel failed to file a sentencing memorandum. Neither argument has merit.

For cases decided before *Lockridge* that require resentencing, our Supreme Court adopted the procedure set forth in *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005). *Lockridge*, 498 Mich at 395. On remand under *Crosby*, a defendant is first given an opportunity to inform the trial court that he will not seek resentencing. *Id. at* 398. If the defendant does not avail himself of this opportunity, the trial court must then "determine whether that court would have imposed a materially different sentence but for the constitutional error." *Id.* at 397. In contemplating that decision, the trial court "should obtain the views of counsel *in some form*" and "may but is not required to hold a hearing on the matter." *Id.* at 398 (emphasis added). Once the court has made its decision regarding whether to resentence, the trial court "shall either

---

[3] On this last argument, we note only that our Supreme Court has affirmed that its opinion in *Lockridge* does not preclude the trial court from engaging in judicial fact-finding to score the sentencing guidelines. *People v Steanhouse*, 500 Mich 453, 466-467; 902 NW2d 327 (2017).

place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and" resentence defendant. *Id*. (internal citation and quotation marks omitted).

Nowhere in *Lockridge* did the Supreme Court require the trial court to obtain counsel's views in writing. Rather, our Supreme Court granted the trial court discretion whether to hold a hearing to obtain counsel's views or obtain those views in writing. In this case, the trial court decided to hold a hearing at which defense counsel could make his case for resentencing. The trial court's decision to hold a hearing rather than request written memoranda was within the discretion afforded it under *Lockridge*. Defense counsel represented defendant at the hearing, pointed out corrections that needed to be made to the presentence investigation report and verified that the trial court was following the proper remand procedure. Because defense counsel's views were brought before the trial court in the vehicle chosen by the trial court, we cannot conclude that defense counsel's decision not to file a sentencing memorandum fell below an objective standard of reasonableness. *People v Scott*, 275 Mich App 521, 526; 739 NW2d 702 (2007). Similarly, because the trial court consulted with defense counsel at the hearing when deciding whether to resentence defendant, we cannot conclude that the trial court failed to follow the *Crosby* remand procedure.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

-3-