*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DELANDO MONTANA PHILPOTS,

        Defendant-Appellant.

UNPUBLISHED
October 20, 2022

Nos. 358739; 358742; 358743
Genesee Circuit Court
LC Nos. 17-041902-FC;
        17-042192-FC;
        18-042996-FH

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

In these consolidated appeals,[1] defendant pleaded *nolo contendere* and was convicted of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d (multiple variables).[2] Defendant now appeals by leave granted,[3] arguing that his constitutional right to a speedy trial was violated. For the reasons set forth in this opinion, we affirm.

Defendant's sole argument on appeal is that he was denied his constitutional right to a speedy trial. A criminal defendant's right to a speedy trial is protected by both the United States Constitution and the Michigan Constitution. US Const, Am VI; Const 1963, art 1, § 20; see also *People v Williams*, 475 Mich 245, 261; 716 NW2d 208 (2006). We review de novo as a question

---

[1] *People v Philpots*, unpublished order of the Court of Appeals, entered November 23, 2021 (Docket Nos. 358739, 358742, and 358743).

[2] Defendant's CSC-III convictions were entered in Docket Nos. 358739 and 358742. In Docket No. 358743, defendant was convicted by guilty plea of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*); however, he is not challenging that conviction in this appeal.

[3] *People v Philpots*, unpublished order of the Court of Appeals, entered November 9, 2021 (Docket No. 358739; *People v Philpots*, unpublished order of the Court of Appeals, entered November 9, 2021 (Docket No. 358742); *People v Philpots*, unpublished order of the Court of Appeals, entered November 9, 2021 (Docket No. 358743).

of constitutional law whether a defendant's right to a speedy trial was violated. *Williams*, 475 Mich at 250. The trial court's factual findings are reviewed for clear error. *Id*.

Here, defendant entered unconditional *nolo contendere* pleas to the CSC-III charges. "[A]n unconditional guilty plea waives a claim of violation of federal and Michigan constitutional rights to a speedy trial." *People v Depifanio*, 192 Mich App 257, 257; 480 NW2d 616 (1991); see also *People v Lannom*, 441 Mich 490, 494; 490 NW2d 396 (1992) ("[A] plea of guilty waives a claim that a defendant's constitutional right to a speedy trial has been violated."); *People v Scott*, 275 Mich App 521, 524; 739 NW2d 702 (2007) (holding that the defendant, by pleading guilty, waived his appellate argument that he was denied his right to a speedy trial). "[A] plea of nolo contendere has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty." *People v New*, 427 Mich 482, 493; 398 NW2d 358 (1986). Accordingly, defendant has waived appellate review of his speedy trial issue.

Although defendant contends on appeal that "[w]hether the plea waiver doctrine applies to constitutional claims of speedy trial violations remains an open question of law in Michigan," this question has been resolved by our Supreme Court. See *Lannom*, 441 Mich at 494; *New*, 427 Mich at 493. Clearly, this Court is bound by the precedent of our Supreme Court. *People v Beasley*, 239 Mich App 548, 556, 559; 609 NW2d 581 (2000). The question presented by defendant on appeal has also been resolved in published decisions of this Court that were issued after November 1, 1990; we are bound to follow *Depifanio* and *Scott*. MCR 7.215(J)(1). Hence, contrary to defendant's argument, this appeal does not present an open question of law in Michigan.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron