*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KYVON DEANDRE WELLS,

      Defendant-Appellant.

UNPUBLISHED
April 27, 2023

No. 361701
Ingham Circuit Court
LC No. 19-000653-FC

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant pleaded *nolo contendere* to second-degree murder, MCL 750.317, and was sentenced to 348 to 770 months imprisonment. Defendant now appeals by leave granted,[1] arguing that his constitutional right to a speedy trial was violated and that he should be allowed to withdraw his plea. We affirm but remand for the ministerial task of amending the November 18, 2021, amended judgment of sentence.

## I. SPEEDY TRIAL

Defendant was arrested on March 22, 2019, and pleaded *nolo contendere* on September 15, 2021. Because of this time-lapse, defendant argues that he was denied his constitutional right to a speedy trial. See *People v Williams*, 475 Mich 245, 261; 716 NW2d 208 (2006).

We conclude that defendant's unconditional *nolo contendere* plea to second-degree murder waived this issue. A defendant "waives a claim of violation of federal and Michigan constitutional rights to a speedy trial" when he enters an unconditional guilty plea. *People v Depifanio*, 192 Mich App 257, 257; 480 NW2d 616 (1991). Because "a plea of *nolo contendere* has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty," *People v New*, 427 Mich 482, 493; 398 NW2d 358 (1986), a defendant who enters an unconditional plea of *nolo contendere* waives any argument that his constitutional rights to a speedy trial were violated.

---

[1] *People v Wells*, unpublished order of the Court of Appeals, entered August 2, 2022 (Docket No. 361701).

*People v Scott*, 275 Mich App 521, 524; 739 NW2d 702 (2007). Accordingly, defendant has waived appellate review of his speedy trial issue.

Although defendant asserts that it remains an open question whether the plea-waiver doctrine applies to constitutional speedy trial violations, this question was resolved by our Supreme Court. See *People v Lannom*, 441 Mich 490, 494; 490 NW2d 396 (1992) ("[A] plea of guilty waives a claim that a defendant's constitutional right to a speedy trial has been violated."). This Court "is bound by Michigan Supreme Court precedent." See *People v Beasley*, 239 Mich App 548, 556; 609 NW2d 581 (2000). It was also resolved by this Court in *Scott*. Therefore, defendant waived his right to appeal a violation of his speedy trial rights when he pleaded *nolo contendere* to second-degree murder.

## II. DEFENDANT'S STANDARD 4 BRIEF

In a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, 471 Mich c, cii (2004), defendant argues that he was denied his right to a speedy trial and that the trial court abused its discretion when it denied his motion to withdraw his plea. For the reasons discussed above, we do not address defendant's speedy trial argument.

Defendant argues that he should have been allowed to withdraw his *nolo contendere* plea because he was under duress. However, defendant does not elaborate on his argument or provide support for his assertion that he should have been allowed to withdraw his plea. Because defendant has failed to adequately brief this argument, it is abandoned. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001) (quotation marks and citation omitted). But even if we consider the merits of defendant's argument, we disagree.

This Court reviews a trial court's ruling on a motion to withdraw a plea for an abuse of discretion. *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id*. at 566.

Under MCR 6.302(A), a trial court may not accept a defendant's no-contest plea unless the court is convinced the plea is "understanding, voluntary, and accurate." "For a plea to be voluntary and understanding, a defendant must be aware of the rights he or she waives by entering the plea as well as the direct consequences of the plea." *Al-Shara*, 311 Mich App at 568.

"[A] motion to withdraw a plea before sentencing should only be granted if the defendant is able to show that withdrawal of the plea is in the interest of justice, meaning that the defendant has to articulate a fair and just reason for withdrawing the plea." *People v Fonville*, 291 Mich App 363, 377-378; 804 NW2d 878 (2011) (quotation marks and citation omitted). "Fair and just reasons include reasons like a claim of actual innocence or a valid defense to the charge." *Id*. at 378.

The trial court did not abuse its discretion when it denied defendant's motion to withdraw his plea because there is nothing to contradict the court's finding that defendant's plea was "understanding and voluntarily made without undo [sic] influence, threats, or promises of

leniency." Additionally, defendant fails to explain how he was under duress when he entered the plea or how it was in the interest of justice to allow him to withdraw his plea when the prosecution extended the plea offer upon defendant's request. We conclude that the trial court did not abuse its discretion when it denied defendant's motion to withdraw his no-contest plea.

Affirmed, but remanded to amend the November 18, 2021, amended judgment of sentence to reflect that defendant plead no contest to the charges of second-degree murder. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica